# WILLIAM AIRD
## *v.*
## ISHAM N. HAYNIE.

1. PRACTICE — *jurisdiction to send process out of county.* At the date of the assignment of a note and at the commencement of the suit, the assignor lived in Marion county, where the assignment was made, and the assignee lived in Alexander county: *Held,* that in a suit by the assignee against the assignor, the Circuit Court of Alexander county could not send its summons into Marion county for service on the defendant.

2. PLEADING. In such a case, a plea to the jurisdiction would be bad which did not aver that the defendant did not reside in Alexander county.

3. The averment in the plea that the cause of action accrued to the plaintiff in Marion county, is equivalent to the averment that the contract was made in Marion county.

4. PRACTICE. If a defendant takes issue upon a defective plea, and the case is submitted to the court for trial on an agreed state of facts, and the issue joined is improperly found for the plaintiff, the agreed statement showing that the finding should have been for the defendant on the issue as made, and also that the facts would have sustained a good plea, the judgment will not be affirmed because the plea was bad, but reversed because of the erroneous finding, and the case remanded.

5. SAME — *judgment non obstante veredicto.* It is only in cases where it is very clear that the defendant has no merits, under whatever form his plea may be pleaded, that the court will give judgment *non obstante veredicto.*

APPEAL from the Circuit Court of Alexander county; the Hon. A. M. JENKINS, Judge, presiding.

This was an action of assumpsit, brought at the June term, 1861, by Haynie, as assignee of a promissory note, against Aird, the assignor. The process was sent from Alexander to Marion county, and there served upon the defendant. He pleaded to the jurisdiction. The plaintiff took issue upon the plea, and the case was submitted to the court for trial on an agreed statement of facts. The court found the issue, and gave judgment for the plaintiff for $353.60, the amount of the note, whereupon the defendant appealed. The facts are stated in the opinion of the court.

Mr. SILAS L. BRYAN, for the Appellant.

Mr. I. N. HAYNIE, *pro se.*

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a suit brought by the appellee against the appellant in the Circuit Court of Alexander county, and process was sent to the sheriff of Marion county, and there served on the defendant. The defendant pleaded to the jurisdiction, that the court ought not to take further cognizance of the action, because the cause of action accrued to the plaintiff in Marion county, and not in the county of Alexander. The plaintiff took issue on this plea, and submitted the case to the court for trial upon the following agreed state of facts. The note described in the declaration was made by one Wooters, in Marion county, payable to the defendant below, and by the latter indorsed in Marion county to the plaintiff below. At the date of the assignment the assignor was, and has ever since been, a citizen of Marion county, where process was served upon him. At the date of the assignment the assignee was, and has ever since been, a resident of Alexander county. The court, on these facts, found the issue for the plaintiff, and, a motion for a new trial being overruled, gave judgment for the plaintiff.

The act of February 22, 1861, amendatory of our practice act, had gone into force about a month prior to the commencement of this suit. It is too plain to admit of argument, that under the agreed state of facts, and this amendatory law, the Circuit Court of Alexander county had no jurisdiction. That law provides that a defendant shall not be sued out of the county where he resides or may be found, except where there are several defendants, or where the plaintiff is a resident of, and the contract upon which the action is brought shall have been actually made in, the county in which the action is brought. In this case the plaintiff resided in Alexander county, where the suit was brought, but neither the original note nor the indorsement was made there.

The appellee, however, insists that the plea was bad, and therefore the judgment must be affirmed. The plea was undoubtedly defective in not averring that the defendant did not reside in Alexander county. The averment that the cause of action accrued to the plaintiff in Marion county, and not in Alexander county, must be considered, according to the case of *Phelps* v. *McGee*, 18 Ill. 158, as equivalent to the averment that the contract was made in Marion county, and not in Alexander county, and we are not inclined to depart from the authority of that case. Regarding the plea in that light, the agreed state of facts upon which the parties went to trial, entitled the defendant to a verdict upon the issue as made up, and if, after such verdict, the plaintiff had moved for judgment *non obstante veredicto*, the Circuit Court would not have been justified in granting the motion. The issue was rather informal than immaterial, and it is only in cases where it is very clear that the defendant has no merits, under whatever form his plea may be pleaded, that the court will give judgment *non obstante veredicto*. The facts admitted of record by the parties, and which were submitted to the judgment of the court under the issue, show that the defendant would have been entitled to judgment had not his plea been defective. If the issue joined on the defective plea had been found for the defendant, as it should have been, the court, on a motion for judgment

notwithstanding the verdict, would have held that the plea was cured by the verdict, or would have allowed the plaintiff, if he desired, to move for a repleader.   We cannot, therefore, affirm the judgment, merely because the plea was defective, when we see by the record that upon the facts which the parties by agreement submitted to the judgment of the court, the issue, as joined, should have been found for the defendant, and the plea might have been made good by amendment.   The court erred in not finding the issue for the defendant, instead of the plaintiff, leaving each party in a position to make such motion, based upon the state of the pleadings, as he might think proper; and because the issue was not so found, we reverse the judgment.

*Reversed and remanded.*