## Consolidated Gasoline Company et al., Appellants, v. George J. Lexow et al., Appellees.

May term, 1942. Heard in this court at the Opinion filed November 2, 1942.

BEASLEY & ZULLEY, of East St. Louis, for appellants.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis, for appellees.

MR. JUSTICE BRISTOW delivered the opinion of the court.

The plaintiff appellant filed a suit in chancery in the circuit court of St. Clair county against the appellees for accounting; to reform the terms of a lease, and other relief of a transitory or personal character. It appears that all the defendants in the suit were residents of Madison county, and that all of the defendants were served with summons in the county of their residence.

The defendants below, limiting their appearance for the purpose of the motion *by* their attorneys, Kramer, Campbell, Costello and Wiechert, filed their written motion to dismiss the bill in chancery for the reason that the court had no jurisdiction over the defendants, and assigned for their reasons that the present suit is brought in the county of St. Clair; that these defendants at all times were residents of the county of Madison; that these defendants were not served with process of summons in St. Clair county; and that these defendants were not joined with any defendant who was served with process in St. Clair county. The names of all defendants, both in their individual and representative capacity, appear at the conclusion of the motion, and below them appears the name of the law firm heretofore mentioned and its address. Following this is the affidavit of two of the defendants. The court below sustained this motion, and entered judgment for the defendants and against the plaintiffs for costs of this suit on the ground that the court had no jurisdiction of the defendants. This appeal ensued.

For the purpose of this opinion, we deem it unnecessary to recite all the various claims made by the appellants in their bill of complaint, except to say that the action is entirely *in personam*, and grows out of the violations of a certain lease entered into between appellants and appellees which pertained to the sale of oil and gasoline. The sole question is whether the trial court was correct in its holding there was no venue in the circuit court of St. Clair county.

The bill of complaint alleges that the lease involved herein was made and executed partly in the county of St. Clair and partly in the county of Madison, and the appellants contend that this confers jurisdiction upon the circuit court of St. Clair county under section 7 of the Civil Practice Act [Jones Ill. Stats. Ann. 104.007], which act reads as follows: ''Except as otherwise provided in this act, every civil action shall be commenced in the county where one or more of the defendants reside or in which the transaction or some part thereof occurred out of which the cause of action arose.''

Appellees in their brief undertake to answer this contention with the sole argument that it would be physically impossible for the transaction involved here to have occurred partly in one county and partly in another. In other words, they insist that the lease out of which the controversy arises must of necessity have been made in one county or the other. The authorities they cite in support of this position deal principally with the rule of law that a written agreement cannot be varied with parol testimony, and therefore, any negotiations that might have transpired preliminary to the execution of the agreement, could not be properly considered as a part of the transaction.

Defendants' motion to dismiss admits the truth of all allegations in the complaint that are well pleaded.

The sufficiency of the complaint has not been challenged, and therefore, stands admitted. (Section 42(3), Civil Practice Act [Jones Ill. Stats. Ann. 104.042]; *Addante v. Pompilio*, 303 Ill. App. 172; *De Lia v. Toolen*, 307 Ill. App. 491.) Section 42, paragraph 2 of the Civil Practice Act [Jones Ill. Stats. Ann. 104.042] provides that no pleading shall be deemed bad which shall contain such information as shall reasonably inform the party of the nature of the claim or defense which he is called upon to meet. It will be observed from a reading of the motion to strike that the defendants below did not see fit to challenge the recital in the complaint that part of the transaction in question occurred in St. Clair county. We are of the opinion that the allegation in the complaint that the lease was made and executed partly in St. Clair county was sufficient to confer jurisdiction upon the circuit court of that county. Conceivably, the lease in question could have been made and executed partly in one county and partly in another. If one party to the lease signed in Madison county and another party thereto signed in St. Clair county, certainly the transaction would occur partly in one and partly in the other. Contrary to the contention of the appellees, it would not depend upon who signed last, nor where the instrument was delivered. Preliminary to the execution of the lease, negotiations might have taken place partly in one county and partly in another. Admittedly, these would not be proper to be shown to vary the terms of the written lease, but it is within the realm of possibility that they would be pertinent and competent to explain any ambiguities that might appear in the instrument.

We are also of the opinion that appellant is correct in his contention that the motion to dismiss in this case, being a plea to the jurisdiction must be made by the parties personally and not by their attorneys. The motion made in this case reads that it is by their attorneys Kramer, Campbell, Costello and

Wiechert. The leading case upon this subject is *Pratt v. Harris*, 295 Ill. 504. Therein, it was stated, ''In their motion to dismiss, they by their attorney entered their limited appearance for the purpose of making a motion to dismiss for want of. jurisdiction. The common law rule is, that a plea to the jurisdiction of the person must be pleaded in person and not by attorney. If pleaded by attorney it admits the jurisdiction of the court,'' citing *Mineral Point R. Co. v. Keep*, 22 Ill. 9, 31 Cyc. 166, 21 R. C. L. 543. To the same effect, since the passage of the Civil Practice Act, are the cases of *Thomas v. Ritholz*, 310 Ill. App. 166, and *McGuire v. Outdoor Life Pub. Co.*, 311 Ill. App. 267.

This judgment is therefore reversed and remanded to the circuit court of St. Clair county with directions to overrule the motion to dismiss and enter a rule on the defendants to answer.

*Reversed and remanded with directions.*