**E. E. Winn, Plaintiff-Appellee, v. Henry Vogel, Defendant-Appellant.**

Term No. 51–O–9.

Opinion filed January 12, 1952. Released for publication February 19, 1952.

Nichols & Jones, of Tuscola, for appellant.

R. W. Harris, and David A. Warford, both of Marion, for appellee.

Mr. Justice Scheineman delivered the opinion of the court.

The plaintiff, E. E. Winn, filed this suit in Williamson county against the defendant, Henry Vogel, admittedly a resident of Douglas county. The defendant filed a special and limited appearance and motion to dismiss, on the ground "that no part of the alleged transaction took place in Williamson County, Illinois, and that the residence of the defendant at the time of the transaction, and at the present time, is in Douglas County, Illinois."

This motion was supported by affidavit, in which the details of the alleged transaction were set forth, consisting of a sale of hogs, for which defendant had given plaintiff his check drawn on a bank in Douglas county. It was stated upon oath that all the details had occurred in Douglas county, and that no part thereof took place outside said county. Those statements were consistent with allegations in the complaint.

The plaintiff filed no counteraffidavit, nor otherwise took issue with the allegations of the motion and affidavit, and there was no motion for change of venue to the proper county. Nevertheless, the trial court overruled the motion and ordered defendant to plead over in twenty days. Having failed to comply with

428

this rule, defendant was defaulted. Thereafter, damages were assessed by a jury and judgment entered against defendant for $1,265 from which this appeal is perfected. The only error assigned is the ruling of the court on the motion.

Plaintiff-appellee has filed two motions in this court which were taken with the case. The first asks that the appeal be dismissed or the judgment affirmed on the grounds that no proper abstract of record was filed, and that the motion in the trial court, and order thereon, are not included in the report of the proceedings. The second motion in this court is for leave to file an amended complaint to conform to the evidence adduced at the trial, after the defendant was defaulted.

The complaint, motion, order thereon, final judgment and notice of appeal are fully abstracted. The alleged defects are that the abstract fails to show that the notice of appeal and the *praecipe* for record were served upon the appellee; also that evidence adduced after the default is not abstracted, and, that the date of filing the report of proceedings is not abstracted.

As to the latter, the abstract shows notice of appeal filed May 15, 1951. The record on appeal was filed in this court on the following June 22nd, and included the report of proceedings, so that it must have been filed within the 50 days fixed by Rule 1 (c) of this court.

Moreover, there is no claim that the report was not filed in apt time, nor is it asserted that the notice of appeal and *praecipe* were not, in fact, served in due time. In a parallel situation, the Illinois Supreme Court said: "Rule 38 requires the abstract to present fully every error relied upon, and provides that it will be taken as accurate and sufficient for a full understanding of the questions presented for decision unless the opposite party shall file a further abstract. Defendants make no claim that the *praecipe* and the notice of

its filing were not, in fact, served within the time prescribed by rule 36. No issue being raised on that question, the abstract will be taken as sufficient to show due service." *Schafer v. Robillard,* 370 Ill. 92, 95 (1938). A similar result was reached in *People ex rel. Sandberg v. Grabs,* 373 Ill. 423, 427 (1940).

 Rule 8 of this court contains the same provision referred to above, and will be adhered to. An appeal will not be dismissed for failure to abstract fully matters which do not pertain to the questions presented for decision. Prior decisions of this court in *Shaw v. Davis,* 289 Ill. App. 447 (1937) and in *Stevenson v. Illinois State Trust Co.,* 292 Ill. App. 528 (1937), do not conform to the policy later announced by the Supreme Court, and those decisions are hereby overruled.

 The Practice Act, chap. 110, Ill. Rev. Stat. 1949, par. 131 [Jones Ill. Stats. Ann. 104.007] provides that a defendant shall not be sued in actions like this, outside the county of his residence. There are exceptions, of which the only one pertinent here is that the suit may be in the county where the transaction, or some part thereof, occurred. This is a valuable privilege conferred upon the defendant, which he may waive, but his right to insist upon it in apt time by proper objection, motion or plea, has always been recognized. *Kenney v. Greer,* 13 Ill. 432; *Gillilan v. Gray,* 14 Ill. 416; *Waterman v. Tuttle,* 18 Ill. 292; *Village of Dalton City v. Loving,* 87 Ill. App. 520; *La Ham v. Sterling Canning Co.,* 321 Ill. App. 32; *Heldt v. Watts,* 329 Ill. App. 408.

 The hearing on this preliminary question is for the particular purpose of determining whether defendant is lawfully sued in the county where suit is filed. 56 Am. Jur. Venue, sec. 37. Where defendant makes specific objection to venue at his first opportunity, and shows the suit was filed in the wrong venue, and shows the correct venue, the court cannot arbitrarily deny the objection, and require defendant to

appear and controvert evidence thereafter adduced in what has been shown to be the wrong venue, since that would nullify the asserted privilege conferred upon him by law. It follows that the evidence introduced by plaintiff after defendant was ruled in default, cannot be considered on the question of venue, and its omission from the abstract was proper.

■■ As to the point that the motion and order on venue are not in the report of proceedings, this is covered by the provisions of the Practice Act, chap. 110, Ill. Rev. Stat. 1949, par. 198 (2) [Jones Ill. Stats. Ann. 104.074]. That section abolished the distinction between the two parts of the record on appeal for the purpose of determining what is properly before the court. Actually, the only real distinction is that the report of proceedings is certified by the judge, while the remainder, usually called the "common-law record," is certified by the clerk. See historical note to the above section in Smith-Hurd Annotated Statutes. By Rule 1 (4) of this court, objection to authentication must be made by motion and affidavit showing not only the improper authentication, but also that the matter complained of is in fact incorrect, with resulting injury to the objector. Appellee has not complied with this rule, and the motion attacking venue, and order, will therefore be deemed properly before this court. This is in accordance with the practice in other Appellate Court Districts. *People v. Kelly,* 285 Ill. App. 57; *Litchfield Nat. Bank v. McBride,* 289 Ill. App. 420; *Warner v. Burke,* 302 Ill. App. 85; *Kelly v. Powers,* 303 Ill. App. 198; *People v. Lee,* 334 Ill. App. 158.

■ It appears that the check given by defendant to plaintiff was drawn on a bank in Douglas county, where defendant resided. Plaintiff deposited this check in Williamson county. This is of no importance, since it occurred between plaintiff and a third party, while the "transaction" referred to in the statute must necessarily refer to dealings between the parties

431

themselves. *La Ham v. Sterling Canning Co.*, 321 Ill. App. 32. Plaintiff does not contend otherwise, but now asks leave in this court to amend the complaint, in order to show that the deposit in Williamson county was at defendant's request, on the theory that this will make the pleadings conform to evidence adduced after the default order against defendant. It is not explained what purpose would be accomplished thereby.

 In some cases, place of payment has an effect upon venue. But in any case, an agreement adding or altering the place of payment of an instrument, such as a note or check, must be in writing. 67 C. J. Venue, sec. 42. This fact is not asserted. Also, if the amendment would have any substantial effect, the default and all subsequent proceedings are set aside, leaving no evidence to talk about. *Meyer v. Meyer*, 255 Ill. 436; *Odell v. Levy*, 307 Ill. 277; *Lusk v. Bluhm*, 321 Ill. App. 349. And, as we have already ruled that the evidence in question is not properly involved on this hearing, it cannot be the basis of further rulings, on motions or otherwise.

 As to formal defects in defendant's procedure, we confine our comment to the only formal defect asserted or argued by the appellee. This is to the effect that the objection was directed to the jurisdiction of the court over the cause and the defendant's person, rather than to the venue. We have no doubt that defendant's use of the word "jurisdiction" was inaccurate, in a strict sense. However, this is common usage among bench and bar. Here are a few of the many cases in which jurisdiction has been loosely used in speaking of venue: *Aird v. Haynie*, 36 Ill. 174; *Scott v. Walker*, 65 Ill. 181; *Mason & Tazewell Spec. Drain Dist. Com'rs v. Griffin*, 134 Ill. 330, 338; *Maton Bros. v. Central Ill. Serv. Co.*, 356 Ill. 584. In view of this secondary usage of the word, it cannot be declared

wholly inaccurate, unless it was misleading. We have previously quoted a part of defendant's motion, which clearly shows that defendant's objection to going further was on grounds pertaining to venue and venue alone. No other interpretation could be placed on the document, and none has been suggested. It is then, sufficient in this respect.

Appellee refers to *Schmelzle v. Transportation Co.*, 341 Ill. App. 639 which has no application to the case before us, since the affidavits on which the court ruled in that case showed part of the transaction occurred in the county where suit was filed. Reference is also made to sec. 11 of the Practice Act, chap. 110, Ill. Rev. Stat. 1949, par. 135 [Jones Ill. Stats. Ann. 104.011] which provides that judgments are not void because entered in the wrong venue. That section prevents collateral attack, and belated attack on judgments where the defendant did not object to venue in apt time. It does not repeal venue statutes, nor deny the right of direct review of an erroneous decision. Further reference is made to sec. 6, chap. 7, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 107.031] on Amendments and Jeofailes, as to judgments entered on the verdict of a jury of the proper county. What is the proper county, is the precise question before this court and the record is adverse to appellee, so that the section has no application in this case.

The motion to dismiss the appeal or affirm the judgment is denied; the motion for leave to file an amended complaint is denied. This court finds that the order of the trial court overruling objections to venue was erroneous, and the final judgment is reversed and the cause remanded with directions to enter an order of dismissal as prayed, for lack of venue.

*Reversed and remanded.*

CULBERTSON, P. J. and BARDENS, J., concur.