(No. 33842.—

THE PEOPLE *ex rel.* Charles F. Carpentier, Secretary of State, Appellee, *vs.* DALE LANGE, Appellant.

*Opinion filed March 22, 1956—Rehearing denied May 22, 1956.*

438

LONDRIGAN & LONDRIGAN, of Springfield, for appellant.

LATHAM CASTLE, Attorney General, of Springfield, (JOHN L. DAVIDSON, JR., LEE D. MARTIN, and MYRON MILLS, of counsel,) for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

Proceeding in the circuit court of Sangamon County under the authority conferred by section 13 of the Motor Vehicle Act, (Ill. Rev. Stat. 1951, chap. 95½, par. 14,) the Secretary of State filed a complaint in the name of the People seeking judgment against Dale Lange for $957.98, said sum allegedly representing unpaid motor vehicle fees and privilege taxes for the year 1952 which the secretary had a duty to collect. After defendant had unsuccessfully interposed a plea attacking the jurisdiction of the court and a motion seeking to dismiss the complaint, he filed an answer to which the plaintiff responded with a motion to strike and for judgment on the pleadings. The court sustained the motion to strike and, when defendant refused to answer further, entered judgment for the plaintiff in the amount prayed. The revenue being involved, defendant has appealed directly to this court for review.

The controversy reflected by the pleadings is substantially as follows: In 1951 the legislature amended section 9 of the Motor Vehicle Act to increase, with effect from January 1, 1952, the rates for the license and registration fees and privilege tax imposed upon owners of motor vehicles of the second class. (Ill. Rev. Stat. 1951, chap. 95½, par. 9.) On November 20, 1951, however, the circuit

court of Sangamon County found the amendatory act to be unconstitutional and enjoined the Secretary of State and his successors in office from enforcing said act and from demanding and collecting any license and registration fees or privilege taxes imposed thereby. Pending an appeal of this decision, defendant, who was the owner of certain vehicles of the second class, made application to register them for the calendar year of 1952; the Secretary of State, by force of the injunction then in effect, was compelled to issue defendant registration certificates and license plates at the lower rates prescribed by the Motor Vehicle Act as it existed prior to the 1951 amendment. (See: Ill. Rev. Stat. 1949, chap. 95½, par. 9.) Defendant paid the fees and taxes assessed in advance of receiving his licenses and certificates and thereafter operated his vehicles on Illinois highways. Subsequently, on May 23, 1952, this court reversed the decree of the circuit court and held that the amendatory act was constitutional. (*Bode* v. *Barrett,* 412 Ill. 204.) On further appeal to the Supreme Court of the United States our judgment was affirmed. (*Bode* v. *Barrett,* 344 U.S. 583, 97 L. ed. 567.) When defendant thereafter failed to pay the difference between the amount of fees and tax he had already paid and the increased amounts validly imposed by the 1951 amendment, this action followed. It is uncontroverted that the difference involved was $957.98.

The objections and defenses to the complaint which have been carried over into the assignments of error made by defendant in this court are, first, that the circuit court did not have jurisdiction to entertain the cause and, second, that since the payment of the fees and taxes is required by the Motor Vehicle Act as a condition precedent to the exercise of the privilege granted, defendant is not, after the expiration of the period for which the privilege was granted, liable for such fees and taxes in a civil suit.

Defendant's claim that the trial court had no jurisdic-

tion over the cause is, in more accurate terms, a plea that the suit was commenced in the wrong venue. The relevant provision of the Civil Practice Act directs that "every civil action shall be commenced in the county where one or more defendants reside *or in which the transaction or some part thereof occurred out of which the cause of action arose,* * * *." (Italics supplied.) (Ill. Rev. Stat. 1953, chap. 110, par. 131.) Based upon the several broad meanings given to the term "transaction" in *VanMeter* v. *Goldfarb,* 317 Ill. 620, and upon the observation in *Walters* v. *City of Ottawa,* 240 Ill. 259, that a cause of action "includes every fact necessary for the plaintiff to prove to entitle him to succeed,—every fact that the defendant would have a right to traverse," the italicized phrase of the section has been interpreted to mean that, for purposes of venue, the places where the transaction, or a part thereof, occurred out of which the cause of action arose include those where any significant negotiations were carried on between the parties, where an agreement was signed, the place where it was, or was supposed to be performed, or where matters occurred that plaintiff has the burden of proving. See: *La Ham* v. *Sterling Canning Co.* 321 Ill. App. 32; *Heldt* v. *Watts,* 329 Ill. App. 408; *Schmelzle* v. *Transportation Investment Corp.* 341 Ill. App. 639; *Keystone Steel and Wire Co.* v. *Price Iron and Steel Co.* 345 Ill. App. 305; *Winn* v. *Vogel,* 345 Ill. App. 425; *Christopher* v. *West,* 345 Ill. App. 515; 1954 LF 557.

In view of the interpretation given the statute, and particularly as it was applied in the *La Ham* and *Heldt cases* cited above, defendant contends that no part of the transaction, out of which this cause of action arose, occurred in Sangamon County, thus causing venue to lie only in Piatt County where he resides. An examination of the cases relied upon reveals quite clearly, however, that the findings of lack of venue were predicated on the fact that only preliminary and insignificant details of the

transaction involved, and which had no substantial bearing upon the ensuing cause of actions, had occurred in the counties where the suits were brought. The facts pleaded in the instant case are not so restricted. Here it is alleged without denial that defendant applied for, partially paid for, and received his licenses for the privilege of using the highways at Springfield, in Sangamon County, and that every step taken by the plaintiff in acting upon defendant's application likewise occurred there. All these acts were an integral part of plaintiff's cause of action and which he would have to establish in order to recover the disputed license fees and privilege taxes from defendant. Under such circumstances it appears that a very substantial part of the "transaction" out of which plaintiff's individual cause of action arose took place in Sangamon County. (Cf. *Christopher* v. *West,* 345 Ill. App. 515; *Schmelzle* v. *Transportation Investment Corp.* 341 Ill. App. 639.) We conclude, therefore, that Sangamon County was the proper venue and that the circuit court did not err when it denied the plea which challenged the court's jurisdiction on such grounds.

Section 10 of the Motor Vehicle Act directs that all annual license and flat weight fees for motor vehicles of the second class shall be paid to the Secretary of State from and after January 1 of each year, "Provided, however, that such fees shall be paid before the vehicles are used on the public highways of the State." (Ill. Rev. Stat. 1951, chap. 95½, par. 11.) Because of the proviso which makes the payment of fees a condition precedent to the exercise and granting of the privilege to use the public highways, and because this action was not filed until June, 1953, after the calendar year of 1952 had passed, defendant claims that, since he has already exercised the privilege, he is not liable in a civil suit for such fees after the expiration of the period for which the privilege was granted. It is true that some jurisdictions have applied such a rule

and that this court has recognized it by way of dicta in *Munsell* v. *Temple*, 3 Gilm. 93; others, however, hold to the contrary, and we have found no instance where the rule has been applied in this jurisdiction. (See: 33 Am. Jur., Licenses, sec. 77; 5 A.L.R. 314; 107 A.L.R. 653.) Regardless of the merits of the conflicting views on the rule, the cited authorities also establish that recovery may be had where a person fails to pay a required license fee or tax if the statute or ordinance involved expressly gives a remedy by civil action. Section 13 of our Motor Vehicle Act makes such a provision in the following terms: "The Secretary of State is hereby authorized and empowered to institute, in the name of the People of the State of Illinois, a suit or suits in any court of competent jurisdiction to enforce the collection of any registration fees, flat weight fees, mileage weight fees, fines, penalties or damages provided for in this Act." Ill. Rev. Stat. 1951, chap. 95½, par. 14.

Defendant contends that section 13 does not extend to the present action and argues that it is to be construed as authorizing the Secretary of State only to take legal action, by way of injunction or similar remedy, to enforce the collection of fees before vehicles are used on the public highways. To adopt the narrow construction contended for would be to ignore the clearly expressed intention of the legislature to authorize the institution of suits to enforce the collection of *any* fees provided for in the act, without limitation. Additionally, it would lead to the absurd result of putting the Secretary of State in the perilous position of being able to collect fees from those who ignore the proviso of section 10 by operating vehicles before they pay fees and taxes, only if he could anticipate their intention of disobeying the statute. It is axiomatic that statutes should be construed as to give them a reasonable meaning, and should not be interpreted as to lead to absurd consequences. (*Stiska* v. *City of Chicago*, 405 Ill.

374; *City of Elmhurst* v. *Buettgen,* 394 Ill. 248.) We hold, therefore, that the plaintiff had express statutory authority to collect the fees and privilege taxes in question.

There is still another factor to be considered in this cause. For reasons more fully stated in *Willett Co.* v. *Carpentier,* 4 Ill.2d 407, defendant, at the time he applied for 1952 registration and license, was bound by the class suit which had been brought to challenge the validity of the 1951 amendments and was chargeable with knowledge of all errors in the record of the pending appeal. He could not, therefore, retain any advantage obtained by the erroneous decree of the circuit court, for reversal left the case as though no such decree had ever been entered. (*Willett Co.* p. 413.) By applying for and accepting his licenses and registrations under the foregoing circumstances, defendant bound himself to comply with the law governing their issuance. Therefore his failure to pay the full amount due subsequent to the reversal of the decree of the circuit court was a failure to comply with the law and is a continuing failure at the present time. It cannot be said that the partial payment accepted by the Secretary of State under the legal compulsion of the erroneous decree, either excuses the defendant from complying with the law, or estops the Secretary of State from fulfilling his duties of enforcing collection.

The judgment of the circuit court of Sangamon County is affirmed.

*Judgment affirmed.*