POPATLAL PATEL *et al.*, Plaintiffs-Appellees, v. PAMELA S. LACEY, Defendant-Appellant.

Fifth District   No. 5—89—0262

Opinion filed October 4, 1990.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, William F. Kopis, and Kathryn A. Spalding, of counsel), for appellant.

Charles C. Hines and Charles Cavaness, both of Carbondale, for appellees.

JUSTICE CHAPMAN delivered the opinion of the court:

Defendant, Pamela S. Lacey (Lacey), brings this interlocutory appeal pursuant to Supreme Court Rule 306 (107 Ill. 2d R. 306(a)(1)(iv)) from an order of the circuit court of Jackson County denying her motion to transfer venue from Jackson County to Franklin County. Lacey contends that no part of the transaction out of which the cause of action arose occurred in Jackson County.

Plaintiffs, Popatlal and Savita Patel (Patels), filed a complaint against Lacey, the escrow agent under a contract between the Patels and Frank Parrish (Parrish), alleging that Lacey breached a fiduciary duty owed to them. Lacey is an attorney with her office

and residence located in Franklin County.

In August of 1981 the Patels and Parrish entered into a contract for the purchase and sale of real estate located in Jackson County, Illinois. A modification of this contract was drawn up by Lacey on behalf of Parrish and executed by the Patels and Parrish on February 26, 1988. The Patels signed this agreement in Jackson County.

This second agreement contained, among other things, a provision requiring the Patels to deliver a quitclaim deed to the property with Parrish named as grantee to an undesignated person as escrow agent. Additionally the agreement provided that if the Patels defaulted, Parrish could pursue various remedies, including:

(1) maintaining an action for possession under the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1987, ch. 110, par. 9—101 *et seq.*), and

(2) directing the escrow agent holding the deed executed by the Patels to deliver said deed to Parrish.

Pursuant to the 1988 agreement, the Patels executed the quitclaim deed in Jackson County. After appointing Lacey as the escrow agent, Parrish delivered the deed to Lacey in Franklin County. Thereafter, Parrish declared the Patels in default under the contract terms and asked Lacey to deliver the deed to him. Lacey complied with this request, and Parrish then recorded the deed in Jackson County. The Patels instituted an action against Parrish to set aside the deed, and Parrish filed a forcible entry and detainer action against the Patels. Both actions were filed in Jackson County. The suits were consolidated and litigated with Lacey representing Parrish.

On January 23, 1989, the Patels filed a complaint against Lacey in Jackson County claiming that Lacey violated her fiduciary duties as escrow agent by, among other things:

1. preparing the modified contract without a provision requiring notice to the defaulting party;

2. acting as escrow for the deed she prepared as Parrish's counsel without the Patels' consent;

3. advising Parrish as to whether the Patels defaulted on the contract;

4. delivering the quitclaim deed to Parrish;

5. failing to give notice to the Patels of default before delivering the deed to Parrish;

6. advising Parrish to record the deed; and

7. representing Parrish in the litigation between the Patels

and Parrish which took place in Jackson County. The Patels do not allege that any of the activities listed in 1 through 6 occurred in Jackson County.

Lacey moved to transfer venue from Jackson to Franklin County. The trial court denied her motion and she appealed. The issue presented on this appeal is whether the trial court erred in finding that some part of the transaction out of which the cause of action arose occurred in Jackson County.

■■ Venue is properly fixed in the county of residence of any defendant joined in good faith or in the county in which the transaction or some part thereof occurred out of which the cause of action arose. (Ill. Rev. Stat. 1987, ch. 110, par. 2—101.) A defendant moving to transfer venue must prove that the plaintiff's selection of venue was improper. (*Weaver v. Midwest Towing, Inc.* (1987), 116 Ill. 2d 279, 285, 507 N.E.2d 838.) In addition, venue may properly lie in more than one jurisdiction. *Servicemaster Co. v. Mary Thompson Hospital* (1988), 177 Ill. App. 3d 885, 532 N.E.2d 1009.

Lacey in essence contends that the term "transaction" used in section 2—101 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—101(2)) should be narrowly construed. Lacey argues that if there was a breach of duty it occurred in Franklin County and therefore venue elsewhere is improper. She contends that, in this tort action, the fact that the contract was entered into between the Patels and Parrish in Jackson County is irrelevant for venue purposes. We disagree.

In *People ex rel. Carpentier v. Lange* (1956), 8 Ill. 2d 437, 134 N.E.2d 266, the court when considering the "transaction" phrase of what is now section 2—101 (Ill. Rev. Stat. 1987, ch. 110, par. 2—101(2)) stated:

"[T]he italicized phrase of the section has been interpreted to mean that, for purposes of venue, the places where the transaction, or a part thereof, occurred out of which the cause of action arose include *** where matters occurred that plaintiff has the burden of proving." *Carpentier*, 8 Ill. 2d at 441, 134 N.E.2d at 267-68.

In addition, in *Schmelzle v. Transportation Investment Corp.* (1950), 341 Ill. App. 639, 94 N.E.2d 682, the court stated:

"In the instant case plaintiff and defendant had no personal or direct dealings in any county, however, certain acts, which were integral parts of plaintiff's cause of action, and which he would have to establish in order to assert any right on the

instrument, occurred in Freeport, in Stephenson County. *** Under these circumstances, it would appear that a substantial part of the 'transaction' out of which plaintiff's individual cause of action arose, did occur in Stephenson County, hence it was not error for the circuit court to deny the motion for change of venue." (*Schmelzle*, 341 Ill. App. at 642, 94 N.E.2d at 683.)

From an examination of Lacey's brief, it appears that she agrees with the above statement of law; however, she asserts that all acts which comprise the elements of the Patels' cause of action occurred in Franklin County.

■ An escrow agent has a duty to act impartially toward all parties. (*Comtrade, Inc. v. First National Bank* (1986), 146 Ill. App. 3d 1069, 497 N.E.2d 527.) However, logic dictates that there can be no duty to act impartially unless there is in fact an escrow relationship. Therefore, in order to eventually prevail on the merits of this case, the Patels must prove, among other things, that an escrow relationship existed which created a duty. In addition, they will obviously have to prove that a breach of said duty occurred.

■ In this case the escrow relationship and the corresponding duty to act impartially were created by the execution of the 1988 contract in Jackson County. Lacey contends that she was appointed escrow agent by Parrish in Franklin County and therefore no part of the transaction took place in Jackson County. This overlooks the fact that the Patels were also involved in the transaction. In *Consolidated Gasoline Co. v. Lexow* (1942), 316 Ill. App. 257, 44 N.E.2d 927, the court was faced with a situation where one party signed a lease in St. Clair County and the other party signed in Madison County. In reversing the trial court's decision that venue in St. Clair County was improper, it stated:

"If one party to the lease signed in Madison County and another party thereto signed in St. Clair [C]ounty, certainly the transaction would occur partly in one and partly in the other." *Lexow*, 316 Ill. App. at 260, 44 N.E.2d at 928.

In this case the Patels signed the agreement creating the escrow relationship in Jackson County. The fact that Lacey was in Franklin County when she was appointed escrow agent indicates only that Franklin County may also be a proper venue. It does not prove that Jackson County is improper.

In addition, we note that Lacey's representation of Parrish in the Jackson County litigation was also an event integral to the Patels' cause of action. (*Schmelze v. Transportation Investment Corp.*

(1950), 341 Ill. App. 639, 94 N.E.2d 682.) This fact has a direct bearing on whether or not Lacey breached her fiduciary duty to act impartially. We are of the opinion that part of the transaction occurred in Jackson County, and therefore the trial court's denial of Lacey's motion to transfer venue was proper.

Affirmed.

WELCH and RARICK, JJ., concur.