SOUTHERN AND CENTRAL ILLINOIS LABORERS' DISTRICT COUNCIL, Plaintiff-Appellee, v. ILLINOIS HEALTH FACILITIES PLANNING BOARD, Defendant-Appellant.

Fifth District    No. 5—01—0134

Opinion filed July 1, 2002.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Richard S. Huszagh, Assistant Attorney General, of counsel), for appellant.

Patrick J. O'Hara, of Cavanagh & O'Hara, of Springfield, for appellee.

JUSTICE MELISSA CHAPMAN delivered the opinion of the court.

This is an appeal from the circuit court's denial of the motion to transfer venue filed by the Illinois Health Facilities Planning Board (defendant). The issue for review is whether the circuit court erred in denying defendant's motion to transfer. We affirm.

## I. FACTS

Defendant is a regulatory body of the State of Illinois pursuant to the Illinois Health Facilities Planning Act (20 ILCS 3960/1 *et seq.* (West 2000)), and it is charged with regulating the construction, modification, and establishment of health care facilities in the state. On May 21, 1999, defendant approved the application of Marion Hospital Corp. (the hospital) to construct a 92-bed hospital in Williamson County to replace the hospital's existing facility, also located in Williamson County. On June 9, 1999, defendant issued the hospital a permit for the construction of the replacement hospital. The permit required the hospital "to reach a fair resolution with respect to current local union issues and *** use union labor to construct the replacement hospital."

On June 21, 2000, before the hospital began construction, the Southern and Central Illinois Laborers' District Council (plaintiff) provided defendant with a written notice claiming that the hospital had failed to comply with the conditions of its construction permit relating to local union issues. Plaintiff informed defendant that an April 29, 1999, order issued by an administrative law judge of the National Labor Relations Board found that the hospital had engaged in unfair labor practices. Further, plaintiff claimed that the hospital continued the same unfair labor practices while the administrative law judge's ruling was on appeal. In response to plaintiff's claims, defendant put the matter on the agenda for its August 24, 2000, scheduled meeting. At this meeting, held in Cook County, defendant heard testimony from two representatives of the hospital on the union issues but refused to recognize plaintiff's representative, who was seated in the audience.

On September 25, 2000, plaintiff sent defendant a letter communicating its dissatisfaction with the manner in which the meeting was conducted, citing specific instances it considered procedurally and substantively deficient. In the letter, plaintiff urged defendant to follow its statutory mandate and pursue the allegations that the hospital had breached conditions of its construction permit. On November 14, 2000, plaintiff filed a complaint for *mandamus*, alleging that defendant did not comply with the procedures and substance of the Illinois Administrative Procedure Act (5 ILCS 100/1—1 *et seq.* (West 2000)) when conducting the August 24, 2000, meeting. In its complaint, plaintiff alleged that defendant failed to recognize that the allegations of noncompliance against the hospital required a contested case under the Illinois Administrative Procedure Act. Plaintiff's complaint asserted that the commencement of construction by the hospital violated the conditions of the hospital's permit and that defendant failed to

ensure that the hospital was in compliance with the terms of the permit. Plaintiff's *mandamus* action seeks to require defendant to hold a hearing under the Illinois Administrative Procedure Act to determine the contested case as to whether the hospital was in compliance with its permit prior to the start of construction.

On December 6, 2000, the individual members of defendant (who had also been named as defendants in plaintiff's complaint) filed a motion to transfer venue to Sangamon County pursuant to section 2—104 of the Code of Civil Procedure (the Code) (735 ILCS 5/2—104 (West 2000)). On December 26, 2000, defendant itself filed a motion to transfer venue to Sangamon County. The venue hearing was held on January 30, 2001, at which time plaintiff voluntarily dismissed its claims against the individual members of defendant, and on January 31, 2001, the court denied defendant's motion to transfer venue. Defendant made a timely appeal.

## II. STANDARD OF REVIEW

■ We first address defendant's contention that a *de novo* standard should be employed in this review of the circuit court's denial of its motion to transfer venue. Defendant relies heavily on *Lake County Riverboat L.P. v. Illinois Gaming Board*, 313 Ill. App. 3d 943, 730 N.E.2d 524 (2000), and *Reichert v. Court of Claims*, 327 Ill. App. 3d 390, 763 N.E.2d 402 (2002), in support of a *de novo* review of the instant matter. We recognize the different standard of review established by the Second District's decision in *Lake County Riverboat L.P.* but also call attention to the more recent Second District decision of *Johnson v. Compost Products, Inc.*, 314 Ill. App. 3d 231, 731 N.E.2d 948 (2000), where the same court rejected the *de novo* standard in reviewing the denial of a motion to transfer venue. Likewise, we are familiar with this court's decision in *Reichert*, which followed *Lake County Riverboat L.P.*'s application of a *de novo* review. However, we decline to adopt a *de novo* standard of review and instead follow the abuse-of-discretion standard of review previously enunciated by our supreme court in *Stambaugh v. International Harvester Co.*, 102 Ill. 2d 250, 464 N.E.2d 1011 (1984), and adhered to in the *Johnson* decision.

A trial court has broad discretion when determining where venue is proper, and its decision will not be overturned absent an abuse of discretion. *Long v. Gray*, 306 Ill. App. 3d 445, 449, 714 N.E.2d 1041, 1044 (1999), citing *Stambaugh*, 102 Ill. 2d at 263, 464 N.E.2d at 1016-17 (1984). "The role of this court is not to substitute its judgment for that of the trial court, or even to determine whether the trial court exercised its discretion wisely, but rather our role is to determine whether the trial court abused its discretion." *Niepotter v. Central Il-*

*linois Public Service Co.*, 303 Ill. App. 3d 632, 636, 707 N.E.2d 1278, 1281 (1999). A circuit court abuses its discretion when it "acts arbitrarily, fails to employ conscientious judgment[,] and ignores recognized principles of law." *Hernandez v. Karlin Foods Corp.*, 322 Ill. App. 3d 805, 807-08, 751 N.E.2d 27, 29 (2001), citing *Elling v. State Farm Mutual Automobile Insurance Co.*, 291 Ill. App. 3d 311, 317, 683 N.E.2d 929, 935 (1997).

## III. ANALYSIS

■ The sole issue in the instant appeal is whether the circuit court erred in denying defendant's motion to transfer venue from Williamson County. Under section 2—101 of the Code (735 ILCS 5/2—101 (West 2000)), a suit must be brought (1) in the county of residence of any defendant or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose. Section 2—103(a) of the Code (735 ILCS 5/2—103(a) (West 2000)) sets forth provisions for actions against a public, municipal, governmental, or quasi-municipal corporation. Section 2—103(a) provides that actions must be brought against a governmental body in the county in which its principal office is located or in the county in which the transaction or some part thereof occurred out of which the cause of action arose. 735 ILCS 5/2—103(a) (West 2000). When a defendant files a motion to transfer venue, it has the burden of proving that the plaintiff's selection of venue was improper. *Weaver v. Midwest Towing, Inc.*, 116 Ill. 2d 279, 285, 507 N.E.2d 838, 840 (1987). "In doing so, the defendant must set out specific facts, not conclusions, and show a clear right to the relief asked for." *Weaver*, 116 Ill. 2d at 285, 507 N.E.2d at 840, citing *Taylor v. Southern Ry. Co.*, 350 Ill. 139, 143, 182 N.E. 805, 806-07 (1932), and *Winn v. Vogel*, 345 Ill. App. 425, 430, 103 N.E.2d 673, 675 (1952). "Any doubts arising from the inadequacy of the record will be resolved against the defendant." *Weaver*, 116 Ill. 2d at 285, 507 N.E.2d at 840; *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959 (1984).

Defendant argues that venue is improper in Williamson County because defendant is a state governmental agency with its principal office located in Sangamon County. Defendant contends that the only possible basis for venue in Williamson County is under the transactional portion of section 2—103(a) but that the transaction about which plaintiff complains did not occur in Williamson County. Plaintiff argues that Williamson County is a proper venue because a part of the transaction that led to the cause of action occurred in that county. Plaintiff contends that the relief sought in its *mandamus* action arises out of its initial complaint concerning the conditions of the construc-

tion permit issued by defendant for the hospital in Williamson County and that the outcome of the action will affect the rights and conditions of employment of its represented employees in Williamson County.

■ Because plaintiff does not challenge defendant's assertion that it is a governmental body covered under section 2—103(a), we focus upon the transactional portion of section 2—103(a). " 'Transaction' has been defined to include every fact which is an integral part of a cause of action." *Kenilworth Insurance Co. v. McDougal*, 20 Ill. App. 3d 615, 617, 313 N.E.2d 673, 675 (1974). The term "transaction" should not be so narrowly interpreted to include only those immediate facts out of which the cause of action arose. See *ServiceMaster Co. v. Mary Thompson Hospital*, 177 Ill. App. 3d 885, 890-91, 532 N.E.2d 1009, 1012 (1988), quoting *People ex rel. Carpentier v. Lange*, 8 Ill. 2d 437, 441, 134 N.E.2d 266, 267-68 (1956). "Under transactional venue principles, two dependent variables must be analyzed to determine whether a particular venue is proper. Those variables are (1) the nature of the cause of action and (2) the place where the cause of action springs into existence." *Lake County Riverboat L.P.*, 313 Ill. App. 3d at 952, 730 N.E.2d at 531. Some courts have found that the place where a transaction occurs is the place where the parties engaged in direct adversarial dealings (*Williams v. Illinois State Scholarship Comm'n*, 139 Ill. 2d 24, 69, 563 N.E.2d 465, 485 (1990), citing *Winn*, 345 Ill. App. at 431-32, 103 N.E.2d at 674), while other courts have found the transactional place to be where an event or act occurred that altered the parties' legal relationship. *Williams*, 139 Ill. 2d at 69, 563 N.E.2d at 485, citing *Christopher v. West*, 345 Ill. App. 515, 528, 104 N.E.2d 309, 315 (1952).

Defendant argues that we should consider only the interactions that occurred between plaintiff and itself in Cook County. Defendant contends that it is the dealings between the parties themselves, where they are adversarial, that properly determine transactional venue under section 2—103(a), and not matters occurring between one of the parties and a third party. While there are cases which hold that the term "transaction" must refer only to the parties' dealings, and not dealings between a party and a third party (*American Oil Co. v. Mason*, 133 Ill. App. 2d 259, 260-61, 273 N.E.2d 17, 18 (1971); *Winn*, 345 Ill. App. at 431-32, 103 N.E.2d at 676), those cases generally involve third-party dealings that are preliminary to or an incidental part of the cause of action. *Kenilworth Insurance Co.*, 20 Ill. App. 3d at 617, 313 N.E.2d at 675. However, third-party dealings that have a definite and direct bearing on the cause of action may be considered a part of the transaction out of which the cause of action arose. *Kenilworth Insurance Co.*, 20 Ill. App. 3d at 617, 313 N.E.2d at 675; *Baga-*

*rozy v. Meneghini*, 8 Ill. App. 2d 285, 288-91, 131 N.E.2d 792, 793-95 (1955); *First National Bank of Lacon v. Bauer Poultry Corp.*, 345 Ill. App. 315, 103 N.E.2d 160 (1952).

Defendant's assertions are overly broad when applied to this case, where the third-party dealings with the hospital have a direct impact on the cause of action. Here, it was defendant's issuance of the construction permit followed by plaintiff's allegations of the hospital's noncompliance that constitute the events that altered the parties' legal relationship. These events definitely and directly bear on plaintiff's action in *mandamus* because plaintiff could not otherwise rely upon the procedures guiding defendant to address such allegations. Although the procedures defendant allegedly violated in not conducting a contested case involved a transaction that occurred in Cook County, the procedures were to be performed for the sole benefit of determining events and actions that occurred in Williamson County. See *Frey Corp. v. Gilldorn Mortgage Midwest, Inc.*, 131 Ill. App. 3d 548, 554, 475 N.E.2d 1100, 1104 (1985). These facts underlying plaintiff's cause of action are not incidental; they are central to plaintiff's cause.

■ The nature of plaintiff's cause of action is a complaint in *mandamus*. A complaint seeking the remedy of *mandamus* "must allege facts which establish a clear right to the relief requested, a clear duty of the respondent to act, and clear authority in the respondent to comply with the writ." *Noyola v. Board of Education of the City of Chicago*, 179 Ill. 2d 121, 133, 688 N.E.2d 81, 86 (1997). A *mandamus* action is an appropriate remedy to stop a clear abuse of discretion or to control the exercise of discretion in accordance with the law. *Guzzo v. Snyder*, 326 Ill. App. 3d 1058, 1063, 762 N.E.2d 663, 669 (2001). Here, plaintiff seeks relief that, if granted, would require defendant to conduct a contested case pursuant to section 10—25 of the Illinois Administrative Procedure Act (5 ILCS 100/10—25 (West 2000)), to address plaintiff's initial allegations of the hospital's noncompliance with the permit issued by defendant. Further, plaintiff notes that the outcome of the contested case could result in the suspension or revocation of the construction permit for the hospital in Williamson County.

Plaintiff cites to *Iowa-Illinois Gas & Electric Co. v. Fisher*, 351 Ill. App. 215, 114 N.E.2d 581 (1953), as support for its argument that venue is proper in Williamson County. In *Fisher*, the plaintiff filed for a restraining order in Rock Island County against the Illinois Commerce Commission (Commission) to prevent the enforcement of a rate reduction order. During the litigation, the Commission filed a motion to transfer venue to either Cook or Sangamon County. The circuit court denied the Commission's motion to transfer venue. The Com-

mission argued on appeal that Rock Island County was not a proper venue because no part of the transaction took place there. The appellate court affirmed the circuit court's denial of the Commission's motion to transfer venue. The court held: "There is no doubt that the [plaintiff] is doing business in Rock Island, and the order issued by the *** Commission would take effect in that county. [Therefore,] part of the transaction in the present case, out of which the cause of action arose, occurred in Rock Island [C]ounty ***." *Fisher*, 351 Ill. App. at 222, 114 N.E.2d at 583. The court noted, "It is where the shaft strikes [plaintiff], not where it is drawn, that counts." *Fisher*, 351 Ill. App. at 221-22, 114 N.E.2d at 583.

Defendant cites to *Lake County Riverboat L.P. v. Illinois Gaming Board*, 313 Ill. App. 3d 943, 730 N.E.2d 524 (2000), as support for its position that venue is not proper in Williamson County. However, defendant's reliance on *Lake County Riverboat L.P.* is misplaced because it is factually distinguishable from the case *sub judice*. In *Lake County Riverboat L.P.*, the plaintiff, a prospective applicant for a casino gaming license in Lake County, brought suit against the Illinois Gaming Board (Board) in Lake County. The suit was based on a constitutional challenge that sought a declaratory judgment and injunctive relief. The Board moved to transfer to Cook County. The trial court ordered the case transferred to Cook County, and the appellate court affirmed. The court held that Lake County was not a proper venue because (1) the plaintiff was not a licensed riverboat casino operator in Lake County at the time it allegedly suffered injury, (2) it did not have an application pending before the Board at the time, (3) it had no direct dealings with the state agency at the time it filed its cause of action, and (4) any action taken by the Board would not occur in Lake County. *Lake County Riverboat L.P.*, 313 Ill. App. 3d at 955-56, 730 N.E.2d at 533.

■ In the instant matter, we are faced with facts more closely analogous to those in *Fisher* than those in *Lake County Riverboat L.P.* Here, plaintiff represented employees of the hospital at the time defendant allegedly violated the Illinois Administrative Procedure Act. In addition, plaintiff had engaged in direct dealings with defendant at the time plaintiff filed its complaint for *mandamus*. Finally, if plaintiff is granted relief, any action taken by defendant would, in purpose and effect, occur in Williamson County.

Thus, it is clear to us that the underlying facts are an integral part of plaintiff's cause of action, and the relief sought would take effect in the forum selected by plaintiff. Therefore, it is not unreasonable to find that a part of the transaction in the present case, out of which the cause of action arose, occurred in Williamson County.

## IV. CONCLUSION

Venue may properly lie in more than one jurisdiction. *Patel v. Lacey*, 203 Ill. App. 3d 1048, 1050, 561 N.E.2d 455, 456 (1990). Though venue also would have been proper in either Sangamon or Cook County, here we do not believe that defendant has satisfied its burden of showing that plaintiff's selection of venue in Williamson County was improper. Given the purpose behind the venue statutes and the true nature of plaintiff's cause of action, we cannot hold that the circuit court abused its discretion in denying defendant's motion to transfer venue.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

GOLDENHERSH and HOPKINS, JJ., concur.