Boxdorfer, et al. v. Daimler Chrysler Corp. - Rec'd 3/11/03

(text box: 1)
 NO. 5-01-0273

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

THOMAS BOXDORFER and )  Appeal from the

JOANNA LANE, Individually and on )  Circuit Court of

Behalf of All Others Similarly Situated, )  Madison County.

)

     Plaintiffs-Appellees, )

)

v. )  No. 00-L-492

)

DAIMLERCHRYSLER CORPORATION, )  Honorable

)  Phillip J. Kardis,

     Defendant-Appellant. )  Judge, presiding.

________________________________________________________________________

JUSTICE WELCH delivered the opinion of the court:

DaimlerChrysler Corp. (the defendant) appeals from an order entered by the circuit court of Madison County denying the defendant's motion to transfer venue and motion to dismiss on 
forum non conveniens
 grounds.  Because we believe that the circuit court erred in denying the defendant's motion to transfer venue, this is the only issue we need to address.  The facts in this case are as follows.

On June 2, 2000, Thomas Boxdorfer and Joanna Lane, individually and on behalf of all others similarly situated (the plaintiffs), filed a complaint in Madison County against the defendant.  The complaint alleged one count of common law fraud and one count of consumer fraud.  The plaintiffs complained that the paint on vehicles made by the defendant was defective in that it would delaminate and the defendant failed to disclose this to the consuming public, that the defendant failed to disclose that the defect might not exhibit itself until after the warranty expired, and that the defendant failed to disclose that if the defect did not exhibit itself until after the warranty expired, the defendant would not repair it.  

The defendant points out on appeal, and the record supports, that this is at least the tenth time that the defendant has been sued on similar or identical grounds, by either identical or similar plaintiffs, including two suits previously filed in Illinois.  The plaintiffs do not dispute the defendant's assertion that all previous actions have been dismissed.
(footnote: 1)
 On July 24, 2000, the defendant filed a motion to transfer venue to Sangamon County.  The defendant pointed out that although it is incorporated under the laws of Delaware and its principal place of business is in Michigan, the defendant has a registered agent in Sangamon County and that, therefore, venue is proper in Sangamon County.  The defendant claimed that nothing in the plaintiffs' complaint demonstrates that venue is proper in Madison County and that, therefore, the case should be transferred to Sangamon County.

On September 25, 2000, the plaintiffs filed a motion for leave to file an amended complaint.  In the proposed amended complaint, the plaintiffs alleged that venue was proper in Madison County because (1) all the plaintiffs are citizens of Madison County, where the paint on the plaintiffs' vehicles experienced delamination, (2) the defendant's fraud by omission directly affected the citizens of Madison County, and (3) the defendant has transacted substantial business in Madison County through its authorized dealerships in Madison County.

In response to the plaintiffs' motion, the defendant filed a "renewed motion for transfer of venue."  The motion claimed that the plaintiffs' amended complaint does not support venue in Madison County.  The defendant specifically disputed the plaintiffs' assertion that dealerships in Madison County acted as the defendant's agents.  The defendant attached an affidavit to its motion.  The affidavit stated the following: that the defendant does not sell automobiles directly to consumers but sells automobiles to dealers, who resell the vehicles to individual members of the public; that dealerships pay the defendant for vehicles upon shipment; that the defendant does not have an ownership interest in any dealership in Madison County; that the defendant has no offices, manufacturing plants, facilities, or operations in Madison County; that most of the informational materials distributed by the defendant relating to automobile paint were developed at the defendant's offices in Michigan; and that the defendant conducts no business in Madison County.  Again, the motion sought to have the case transferred for improper venue to Sangamon County, where the defendant has a registered agent.

On March 15, 2001, the circuit court of Madison County conducted a hearing on the plaintiffs' and the defendant's motions.  There was no objection to the plaintiffs' motion to amend, so after granting the motion to amend, the court heard the parties' arguments based on the facts alleged in the plaintiffs' amended complaint.  

On March 22, 2001, the circuit court issued an order denying the defendant's motion to transfer venue.  In its order, the circuit court noted that the plaintiffs purchased and garaged their vehicles in Madison County and that the plaintiffs suffered damages to their vehicles in Madison County.  The circuit court held that these facts were "sufficient to meet the requirements of venue" because they constituted "some part" of the transaction occurring in Madison County out of which the cause of action arose.  The circuit court also found that venue was proper because local dealerships perform work in Madison County pursuant to warranties provided by the defendant and that the dealerships receive payments from the defendant for that work.  The circuit court denied the defendant's motion to transfer venue.  The defendant now appeals this decision.

The sole issue raised by the defendant on appeal is whether the circuit court erred in holding that venue was established in Madison County and thereby denying the defendant's motion to transfer venue.  In order to properly address this issue, we must first set out the appropriate standard of review.

We begin by pointing out that there is a conflict within the appellate court pertaining to the appropriate standard of review for a circuit court's denial of a motion to transfer venue.  Some cases have held that where the facts are undisputed, the appropriate standard of review is 
de novo
.  
Reichert v. Court of Claims
, 327 Ill. App. 3d 390, 393 (2002), 
vacated on other grounds
, No. 93319 (Ill. Feb. 21, 2003); 
Lake County Riverboat L.P. v. Illinois Gaming Board
, 313 Ill. App. 3d 943 (2000).  Other cases have held that the appropriate standard of review is whether the circuit court abused its discretion.  
Southern & Central Illinois Laborers District Council v. Illinois Health Facilities Planning Board
, 331 Ill. App. 3d 1112 (2002); 
Johnson v. Compost Products, Inc.
, 314 Ill. App. 3d 231 (2000).  We believe that the 
de novo
 standard of review is applicable.

In 
Reichert
(footnote: 2), a panel of this appellate district's court noted that the issue of whether venue is proper raises a mixed question of law and fact.  We then held that where the facts are undisputed in a motion-to-transfer-venue case, the issue becomes one of law and is therefore subject to 
de novo
 review.  
Reichert
, 327 Ill. App. 3d at 394.  The reason we declined to review under an abuse-of-discretion standard is because we reasoned that the determination of proper venue is not a discretionary decision but is compulsory.  We hold to this reasoning.

The venue statute is section 2-101 of the Code of Civil Procedure.  735 ILCS 5/2-101 (West 2000).  It provides:

"Except as otherwise provided in this Act, every action 
must be
 commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county[] or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose."  (Emphasis added.)  735 ILCS 5/2-101 (West 2000).

We focus on the language that the action 
must be
 commenced in a county where one of two requirements are satisfied.  Nothing in the statute indicates that an action 
may be
 commenced in a county where certain requirements 
may
 apply.  The statute clearly makes the requirements compulsory, and we find no room for a circuit court's discretion on whether certain facts meet these requirements.  Although we do acknowledge that a defendant may waive the issue of proper venue, once a proper motion to transfer based on improper venue is made and proved, the circuit court has no discretion whether to grant it; the statute does not allow an action to be commenced where venue is not proper.  Accordingly, we believe that either the facts of a case will establish venue under the law or they will not, and the circuit court's decision after establishing those facts is a legal decision reviewed as a matter of law.

The two cases cited above that apply an abuse-of-discretion standard to a circuit court's decision pertaining to improper venue rely on the Illinois Supreme Court's decision in 
Stambaugh v. International Harvester Co.
, 102 Ill. 2d 250 (1984).  In 
Stambaugh
, the Illinois Supreme Court held that the determination of proper venue is discretionary.  
Stambaugh
, 102 Ill. 2d at 263.  Although we do not lightly disregard the holding of the supreme court, we do note that the case upon which 
Stambaugh
 relied as authority for the proper standard of review, 
Morrison v. Community Unit School District No. 1
, 44 Ill. App. 3d 315 (1976), did not involve a motion to transfer for 
improper
 venue.  Instead, that case involved a motion to transfer venue to a different court for fear that the inhabitants of the county were prejudiced against the movant and that a fair trial could not be received, pursuant to section 4 of "An Act to revise the law in relation to change of venue" (Ill. Rev. Stat. 1971, ch. 146, §4).  Such a motion 
does
 fall within a trial court's sound discretion.  However, in our view, a motion to transfer for 
improper
 venue does 
not
 fall within the sound discretion of the circuit court. 

In fact, allowing a venue decision to fall within the sound discretion of the circuit court could produce absurd results.  Conceivably, a discretionary decision could be made by Circuit Judge X in County Y that Defendant Z satisfied the residency prong of the venue statute while, at the same time, Circuit Judge Y sitting in the same county hearing a different suit against the same defendant and presented with the same "residency" facts could decide that Defendant Z does not satisfy the residency prong of the venue statute.  Under a discretionary standard of review, both decisions could conceivably be correct, and yet, the venue statute leaves no room for two such contradictory results.  Suffice it to say, there is no room for a "judgment call" when deciding whether undisputed facts satisfy the venue requirements.  Either venue is proper or venue is not proper.  The decision is not discretionary but is one of law, and therefore, our review of a circuit court's decision pertaining to venue when there are undisputed facts must be reviewed under a 
de novo
 standard of review.  We shall review the instant case accordingly.

The venue statute provides that venue is proper "in the county of residence of any defendant" (residence prong) or "in the county in which the transaction or some part thereof occurred out of which the cause of action arose" (transaction prong).  735 ILCS 5/2-101 (West 2000).  We turn first to the defendant's challenge of the circuit court's ruling that venue was proper under the residence prong.  

Section 2-102(a) of the Code of Civil Procedure provides that for purposes of venue regarding corporations, any private corporation authorized to do business in the State of Illinois "is a resident of any county in which it has its registered office or other office or is doing business."  735 ILCS 5/2-102(a) (West 2000).  In the instant case, the circuit court ruled that venue was proper under the residence prong because the defendant was "doing business" in Madison County, based on local dealerships performing work pursuant to the defendant's warranties and receiving payments from the defendant for that work.

On appeal, the defendant contends that the circuit court erred in holding that, under the facts in this case, the defendant is "doing business" as defined by the venue statute.  In support of its argument, the defendant directs us to 
Gardner v. International Harvester Co.
, 113 Ill. 2d 535 (1986).  In 
Gardner
, the Illinois Supreme Court, quoting 
Baltimore & Ohio R.R. Co. v. Mosele
, 67 Ill. 2d 321, 329 (1977), noted that "doing business" requires that the defendant " 'be conducting its usual and customary business within the county in which venue is sought.' "  
Gardner
, 113 Ill. 2d at 539.  The plaintiff in 
Gardner 
was injured in a tractor fire allegedly caused by a defective fuel cap manufactured by the defendant, International Harvester Company.  The accident occurred on the plaintiff's farm in Macon County, but the plaintiff sued the defendant in St. Clair County.  The circuit court denied the defendant's motion for a change of venue, finding that venue was proper in St. Clair County and ruling that the facts established that the defendant was doing business there.  
Gardner
, 113 Ill. 2d at 537.  The Illinois Supreme Court reversed this decision, holding that the defendant was not "conducting its usual and customary business" within St. Clair County.

In holding that the defendant in 
Gardner
 was not "doing business" in St. Clair County for purposes of the venue statute and therefore did not satisfy the residence prong, the supreme court acknowledged that the defendant sold $2.6 million worth of products to dealers in that county, that the defendant's sales representatives visited dealers there, that the defendant paid half of a dealer's costs of advertising the defendant's products, that the defendant's wholly owned subsidiary financed purchases of products by St. Clair County dealers, that the defendant representatives sold their products on visits to St. Clair County, that the defendant purchased more than $3 million in products from companies in St. Clair County, that the defendant required St. Clair County dealers to perform warranty work on the defendant's products, that the defendant mailed rebate checks directly to customers who lived in St. Clair County or who purchased the defendant's products from dealers there, that the defendant operated a "retrofit program" through the dealers to warn owners about the dangers of its fuel cap and to replace those caps with new ones, and that the defendant accepted sums payable to its financing subsidiary that did business in the county.  
Gardner
, 113 Ill. 2d at 540-43.  In light of the supreme court's decision in 
Gardner
, we cannot say that the facts in the instant case, which demonstrate far less "business" being conducted by the defendant in Madison County than that conducted in St. Clair County by the defendant in 
Gardner
, support proper venue in Madison County under the residence prong of the venue statute.

In the instant case, the defendant did not design, manufacture, or produce its products in Madison County.  The defendant maintains no offices in Madison County.  Although the defendant sells its vehicles to dealers from Madison County, these sales are conducted and completed in Michigan and the defendant retains no ownership interest in the products after they have been sold.  The defendant also has no ownership interest in the dealerships in Madison County.  The facts supporting the plaintiffs' claim that the defendant was "doing business" in Madison County pale in comparison to the facts that supported the claim that the defendant in 
Gardner
 was "doing business" in St. Clair County.  Because the supreme court in 
Gardner
 found the facts insufficient to support venue under the residence prong, we certainly cannot say that the underlying facts herein are sufficient.

In any event, on appeal, the plaintiffs argue that the defendant's act of paying for warranty work on the defendant's vehicles performed by dealers in Madison County was sufficient to satisfy the venue statute.  However, a similar fact was not absent from the 
Gardner
 decision.  In 
Gardner
, like the instant case, the defendant required dealers to perform warranty work on its products.  See 
Gardner
, 113 Ill. 2d at 541.  The supreme court did not find this fact sufficient to satisfy the "doing business" requirement of the residence prong of the venue statute and in fact stated that "warranty work" does not alter the basic relationship between the defendant and the independent dealers who carry the defendant's products.  Again, the facts demonstrating that the defendant in 
Gardner
 was "doing business" in St. Clair County are greater than the facts demonstrating that the defendant in the instant case was "doing business" in Madison County.  Therefore, in light of the supreme court's decision in 
Gardner
, we are compelled to conclude that venue is not proper in Madison County under the residence prong of the venue statute, and the circuit court's conclusion otherwise was in error.

However, we still need to address whether venue is proper under the transaction prong.  Again, venue is proper under the transaction prong if the transaction, or some part thereof, from which the cause of action arose occurred in Madison County.  735 ILCS 5/2-101 (West 2000).  In this case, the circuit court found that the transaction prong of the venue statute had been satisfied because the plaintiffs purchased and garaged their vehicles in Madison County and because the plaintiffs' vehicles sustained damage in Madison County.  The defendant argues that these facts are insufficient.  Again, we agree with the defendant.

The case that best guides our decision on this issue was handed down by this court in 
Lake County Riverboat L.P. v. Illinois Gaming Board
, 313 Ill. App. 3d 943 (2000).  In 
Lake County Riverboat L.P.
, the plaintiff sought a license for riverboat gambling from the defendant after the defendant denied a competitor's renewal application.  The facts showed that the defendant denied the plaintiff a gaming license because there were no available licenses after the plaintiff's competitor contested the defendant's decision to deny its renewal.  
Lake County Riverboat L.P.
, 313 Ill. App. 3d at 946.  While all this was transpiring, the Illinois legislature passed section 11.2 of the Riverboat Gambling Act (230 ILCS 10/11.2 (West 2000)).  As a result of this legislation, the defendant acted to renew the license of the plaintiff's competitor.  The plaintiff filed a complaint against the defendant, alleging that section 11.2 of the Riverboat Gambling Act was unconstitutional.  The plaintiff sought an injunction to prevent the defendant from enforcing an allegedly unconstitutional provision.  
Lake County Riverboat L.P.
, 313 Ill. App. 3d at 947.  The plaintiff alleged that the passage of section 11.2 precluded the plaintiff from obtaining a gambling license and that, therefore, the plaintiff suffered a "constitutional injury" in Lake County.  
Lake County Riverboat L.P.
, 313 Ill. App. 3d at 954.  The defendant filed a motion to transfer venue from Lake County to Cook County, claiming that the transaction that formed the basis of the plaintiff's complaint did not occur in Lake County and that venue was proper in Cook County because that is where the defendant's principal office was located.  The circuit court granted the defendant's motion to transfer the cause to Cook County, and the plaintiff appealed.  
Lake County Riverboat L.P.
, 313 Ill. App. 3d at 949.

On appeal, the appellate court pointed out that there was apparently no dispute that Cook County was a proper venue and that, under the residence prong, Lake County was not.  
Lake County Riverboat L.P.
, 313 Ill. App. 3d at 952.  Therefore, the court concentrated on the transaction prong of the venue statute to determine whether venue was proper in Lake County.  In examining the transaction prong, the court noted that two dependent variables must be analyzed in order to determine whether a particular venue is proper.  
Lake County Riverboat L.P.
, 313 Ill. App. 3d at 952.  These variables are (1) the nature of the cause of action and (2) the place where the cause of action springs into existence.  
Lake County Riverboat L.P.
, 313 Ill. App. 3d at 952.  The court pointed out that the place where a cause of action springs into existence is where " 'any significant negotiations were carried on between the parties, where an agreement was signed, the place where it was[] or was supposed to be performed, or where matters occurred that plaintiff has the burden of proving.' "  
Lake County Riverboat L.P.
, 313 Ill. App. 3d at 953 (quoting 
People ex rel. Carpentier v. Lange
, 8 Ill. 2d 437, 441 (1956)).  The court noted that the place where a cause of action springs into existence is generally the place where the parties' direct dealings occurred while in an adversarial position or where events occurred that altered the parties' legal relationships.  
Lake County Riverboat L.P.
, 313 Ill. App. 3d at 953.

In affirming the circuit court's decision to transfer venue from Lake County to Cook County, the court pointed out the following facts: nothing in the record showed that there were direct dealings between the plaintiff and the defendant in Lake County, but the record showed that all the dealings occurred in Cook County; the plaintiff's unilateral efforts to obtain a gambling license in Lake County were insufficient to invoke transactional venue; the plaintiff's actions in Lake County did not give rise to the nature of the plaintiff's cause of action, that being a request for a declaratory judgment concerning the constitutionality of section 11.2; and the enforcement by the defendant of section 11.2 would have occurred in Cook County.  
Lake County Riverboat L.P.
, 313 Ill. App. 3d at 953-54.  The court concluded that the transactions out of which the cause of action arose did not and would not occur in Lake County, and therefore the court rejected the plaintiff's argument that it had suffered a "constitutional injury" in Lake County.  
Lake County Riverboat L.P.
, 313 Ill. App. 3d at 956.

We believe that the facts and the holding in 
Lake County Riverboat L.P.
 are persuasive for the instant case.  First, in the instant case, there were no direct dealings in Madison County between the plaintiffs and the defendant.  The record demonstrates that the defendant dealt with the Madison County dealerships in Michigan and that that is where the defendant sold the vehicles and lost its interest in the title of the vehicles.  Second, the act of the plaintiffs' garaging their cars in Madison County is a unilateral act on the plaintiffs' part and cannot be considered as a factor to establish venue under the transaction prong.

But most importantly, for purposes of establishing venue under the transaction prong, we believe that the nature of the cause of action does not support venue in Madison County and the place where the cause of action sprang into existence was not in Madison County.  In the instant case, the plaintiffs' amended complaint is based in common law fraud and consumer fraud.  Each count claims that the defendant acted fraudulently when it failed to disclose to the purchasers of its vehicles that there was a substantial risk those vehicles may have a particular type of paint defect, that the defect might not exhibit itself until after the warranty period expired, and that if the defect did not exhibit itself until after the warranty expired, the defendant was not committed to repairing it.  All these alleged acts occurred in Michigan and did not occur in Madison County.  It was in Michigan that the cars were designed and manufactured.  It was in Michigan that the defendant sold the vehicles and lost the title to the cars.  It was in Michigan that the cause of action sprang into existence, because none of the acts occurred in Madison County, Illinois.

Accordingly, we believe that the circuit court erred in ruling that venue in the instant case is proper under the transaction prong of the venue statute.  The cause of action did not spring into existence in Madison County, nor did some part of the transaction in which the cause of action arose occur in Madison County.  We do not believe that the plaintiffs' purchasing the cars in Madison County or the paint allegedly delaminating in Madison County sufficiently constitutes some part of the transaction.  

As we stated earlier, the defendant and the plaintiffs did not engage in any transactions in Madison County.  Venue is not proper under the residence prong of the venue statute, and we believe that venue is not proper under the transaction prong of the venue statute.  However, there is no dispute that the residence prong of the venue statute is satisfied in Sangamon County, because the defendant has a registered agent there; therefore, pursuant to the powers granted us under Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)), we enter an order transferring this cause to Sangamon County for further proceedings.  Because we believe that venue is not proper in Madison County, we need not address any other issue raised in this appeal.

For the foregoing reasons, the order of the circuit court is reversed, and we enter an order transferring this cause to Sangamon County.

Reversed; order entered.

HOPKINS, P.J., concurs.

JUSTICE GOLDENHERSH, dissenting:

I disagree with the decision of my colleagues.  The majority fails to give proper credit to the relationship this case has to the original venue and fails to apply the proper standard of review.  

This case has a stronger relationship to the plaintiffs' chosen venue than is asserted in the majority decision, and it is more closely tied to the original venue than the two cases most heavily relied upon by the defendant and my colleagues.  
Gardner v. International Harvester Co.
, 113 Ill. 2d 535, 499 N.E.2d 430 (1986); 
Lake County Riverboat L.P. v. Illinois Gaming Board
, 313 Ill. App. 3d 943, 730 N.E.2d 524 (2000).  The majority discounted the most notable of these distinctions by stating:  "We do not believe that plaintiffs' purchasing the cars in Madison County or the paint allegedly delaminating in Madison County sufficiently constitutes some part of the transaction."  Slip op. at 13; 
cf.
 
Gardner
, 113 Ill. 2d at 537, 499 N.E.2d at 431 (the original venue was St. Clair County, but the farming accident occurred in Macon County); 
Lake County Riverboat L.P.
, 313 Ill. App. 3d at 955, 730 N.E.2d at 533 (the plaintiff was not a licensed riverboat casino operator in the original venue and did not receive any constitutional injury there).  In contrast to the majority's unsupported statement, it is generally recognized that venue is proper where matters occurred that the plaintiff has the burden of proving as a part of the cause of action.  See 
Lake County Riverboat L.P.
, 313 Ill. App. 3d at 952-53, 730 N.E.2d at 531 (establishing the standard but finding that no injury occurred in the chosen venue); see, 
e.g.
, 
Tipton v. Estate of Cusick
, 273 Ill. App. 3d 226, 228, 651 N.E.2d 635, 637 (1995) (the county where the plaintiff ingested prescription drugs was a proper venue even though the prescription and dispensation of drugs took place in another county); see also 
Southern & Central Illinois Laborers District Council v. Illinois Health Facilities Planning Board
, 331 Ill. App. 3d 1112, 1117, 772 N.E.2d 980, 984 (2002) ("third-party dealings that have a definite and direct bearing on the cause of action may be considered a part of the transaction out of which the cause of action arose").

The majority also applies an incorrect standard of review.  Relying on 
Reichert v. Court of Claims
, 327 Ill. App. 3d 390, 393, 763 N.E.2d 402, 405 (2002), 
vacated on other grounds
, No. 93319 (Ill. Feb. 21, 2003), the majority contends that if the facts are not disputed, the review of the circuit court's decision should be 
de novo
.  The application of this standard is incorrect.  The established standard is to give the trial court broad discretion when analyzing and weighing questions regarding venue and to allow the decision to stand absent an abuse of discretion.  See 
Stambaugh v. International Harvester Co.
, 102 Ill. 2d 250, 261, 464 N.E.2d 1011, 1016 (1984); see also 
Southern & Central Illinois Laborers District Council
, 331 Ill. App. 3d at 1116, 772 N.E.2d at 983 (declining to accept the 
Reichert
 standard).  The application of an abuse-of-discretion standard is consistent with the role of the appellate court to ensure an objective, rational decision by the circuit court while not substituting its judgment for that of the original court.  
Southern & Central Laborers District Council
, 331 Ill. App. 3d at 1116, 772 N.E.2d at 983; 
Niepotter v. Central Illinois Public Service Co.
, 303 Ill. App. 3d 632, 636, 707 N.E.2d 1278, 1281 (1999).  The majority supplants the circuit court's decision without allowing the underlying court the discretion it is due.

I, therefore, respectfully dissent.

                                      NO. 5-01-0273

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

THOMAS BOXDORFER and )  Appeal from the

JOANNA LANE, Individually and on )  Circuit Court of

Behalf of All Others Similarly Situated, )  Madison County.

)

     Plaintiffs-Appellees, )

)

v. )  No. 00-L-492

)

DAIMLERCHRYSLER CORPORATION, )  Honorable

)  Phillip J. Kardis,

     Defendant-Appellant. )  Judge, presiding.

___________________________________________________________________________________

Opinion Filed
: May 2, 2003

___________________________________________________________________________________

Justices
: Honorable Thomas M. Welch, J.

Honorable Terrence J. Hopkins, P.J.

Concurs

Honorable Richard P. Goldenhersh, J.

Dissents

___________________________________________________________________________________

Attorneys
 Alan J. Dixon, Charles A. Newman, Ann K. Covington, Kathy A. Wisniewski,

for
 Maggie B. Williams, Peter W. Herzog, III, John W. Rogers, Bryan Cave LLP, 

Appellant
 One Metropolitan Square, 211 N. Broadway, Suite 3600, St. Louis, MO 63102;

Larry E. Hepler, Theodore J. MacDonald, Burroughs, Hepler, Broom, MacDonald, Hebrank & True, Two Mark Twain Plaza, Suite 300, 103 West Vandalia Street, P.O. Box 510, Edwardsville, IL  62025-0510

___________________________________________________________________________________

Attorneys
 Paul M. Weiss, Phillip A. Bock, Tod A. Lewis, Freed & Weiss LLC, 111 West

for
 Washington Street, Suite 1331, Chicago, IL 60602; L. Thomas Lakin, Bradley M.

Appellees
 Lakin, Roy C. Dripps, Jeffrey A. J. Millar, Gail Renshaw, The Lakin Law Firm, P.C., 301 Evans Avenue, P.O. Box 27, Wood River, IL 62095-1127; Michael J. Freed, Christopher J. Stuart, Much, Shelist, Freed, Denenberg, Ament & Rubenstein, P.C., 191 North Wacker Drive, Suite 1800, Chicago, IL 60606-1615; Edward T. Joyce, Arthur W. Aufmann, Edward T. Joyce & Associates, P.C., Eleven South LaSalle Street, Suite 1600, Chicago, IL 60603

___________________________________________________________________________________

FOOTNOTES
1:
The two cases that were filed in Illinois have been dismissed.  Garbie v. Chrysler Corp., No. 98-CH-3018 (March 10, 1999) (the circuit court of Cook County dismissed the plaintiffs' cause of action on 
forum non conveniens
 grounds and the plaintiffs did not appeal); 
Sanneman v. Chrysler Corp
., No 98-6044 (S.D. Ill. March 6, 2000) (two counts were dismissed by Judge Murphy of the United States District Court for the Southern 
District of Illinois and the remaining counts were transferred to the United States District Court for the Eastern District of Pennsylvania, where the plaintiff's motion for class certification was denied).  We will not list the other cases from the other jurisdictions that have been dismissed.

2:
We fully acknowledge that 
Reichert
 was vacated by the Illinois Supreme Court. However, we point out that it was vacated on jurisdictional grounds and that the venue issue was therefore not addressed.  Although we realize that 
Reichert
 is no longer precedential, we mention it because we continue to agree with its analysis pertaining to the standard of review for a venue decision by the lower court.

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 05/02/03.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.