Rule 23 order filed
June 8, 2006;
Motion to publish granted
July 14, 2006.

NO. 5-05-0326

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

DORIS RENSING,                              ) Appeal from the
                                            ) Circuit Court of
    **Plaintiff-Appellee,**                 ) **St. Clair County.**
                                            )
v.                                          ) No. 04-L-558
                                            )
MERCK AND COMPANY, INC.,                    )
                                            )
    Defendant-Appellant,                    )
                                            )
and                                         )
                                            )
LESLIE WALDRON,                             ) Honorable
                                            ) Michael J. O'Malley,
    Defendant.                              ) Judge, presiding.
_____

PRESIDING JUSTICE SPOMER delivered the opinion of the court:

The defendant, Merck and Company, Inc., appeals from the order of the circuit court of St. Clair County that denied the motion of the defendant to transfer this cause to Cook County. For the reasons set forth below, we reverse and enter an order transferring this cause to Cook County for further proceedings.

The facts necessary for our disposition of this appeal are as follows. On October 1, 2004, the plaintiff, Doris Rensing, filed a class action complaint in the circuit court of St. Clair County, on behalf of "all persons within the State of Illinois that have purchased the drug Vioxx." The crux of the plaintiff's complaint is that the defendant marketed and promoted Vioxx as safe and effective for persons with hypertension, or persons who had risk factors for stroke or cardiac problems, despite knowledge of clinical trials associating Vioxx with hypertension-related adverse health effects. The complaint alleges a cause of action

1

under the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2004)) and claims that the plaintiff was damaged in the amount expended on the drug. The cause was removed to federal court on January 31, 2005, but remanded to the circuit court of St. Clair County on January 31, 2005.

On February 16, 2005, the defendant filed a motion to transfer the cause for improper venue. See 735 ILCS 5/2-106 (West 2004). In the motion to transfer and supporting documentation, the defendant established that it is incorporated under the laws of the State of New Jersey, with its principal place of business in New Jersey. The defendant's registered office and registered agent in the State of Illinois are in Cook County, Illinois. The defendant argued that because it did not have any manufacturing plants, facilities, or operations in St. Clair County and does not make any significant decisions concerning the design, manufacture, marketing, or promotion of Vioxx in St. Clair County, it does not transact its usual and customary business within St. Clair County for venue purposes. The defendant further argued that no significant part of the transaction at issue had occurred in St. Clair County for venue purposes. The motion was also supported by the affidavit of a manager of the defendant, which established that the percentage of nationwide sales of Vioxx occurring in St. Clair County is 0.16%. The percentage of worldwide sales of Vioxx occurring in St. Clair County is 0.1062%. The motion prayed for a transfer of the cause to Cook County.

In the response to the defendant's motion to transfer, the plaintiff argued that the defendant's promotion, marketing, and/or selling of Vioxx within St. Clair County was sufficient to establish venue because the plaintiff was induced into purchasing the Vioxx in St. Clair County, which is a substantial part of the transaction out of which the cause of action arose. The response was supported by the affidavit of the plaintiff, which established that she was prescribed, purchased, and ingested Vioxx in St. Clair County, that she has never had any direct dealings with the defendant in Cook County, and that she never was

2

prescribed, had never purchased, and had never ingested Vioxx in Cook County. Following a hearing on the motion to transfer venue, the circuit court denied the defendant's motion on May 19, 2005. We granted the defendant's petition for leave to appeal.

Section 2-101 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-101 (West 2004)) generally governs venue and provides, in relevant part:

"Except as otherwise provided in this Act, every action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county[] or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose."

Section 2-102 of the Code (735 ILCS 5/2-102 (West 2004)) specifically defines the residence of corporations and provides, in pertinent part:

"For purpose of venue, the following definitions apply:

(a) Any private corporation *** organized under the laws of this State *** is a resident of any county in which it has its registered office or other office or is doing business."

The Illinois Supreme Court recently clarified the standard of review to be employed when reviewing a motion to transfer for improper venue. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 153-54 (2005). Finding the appellate court's decision in *Lake County Riverboat L.P. v. Illinois Gaming Board*, 313 Ill. App. 3d 943 (2000), particularly instructive, the supreme court noted that proper venue determinations involve separate questions of fact and law. *Corral*, 217 Ill. 2d at 153. Questions of fact are reviewed for manifest error, and questions of law are reviewed *de novo*. *Corral*, 217 Ill. 2d at 153. When there is no dispute concerning the facts relied upon by the court, a *de novo* standard of review is proper. *Corral*, 217 Ill. 2d at 153.

3

In the plaintiff's motion for leave to cite supplementary authority, which we granted on February 7, 2006, the plaintiff argues that *Corral* is also applicable to this case because in *Corral* the Illinois Supreme Court held on a record virtually identical to the record in this case that it could not review a defendant's claim that a trial court erred in denying the defendant's motion to transfer venue, because there was no way from the record to tell which facts the trial court had relied upon in making its decision. *Corral*, 217 Ill. 2d at 157. We do not believe the holding in *Corral* mandates a similar disposition in this case. In *Corral*, the defendant argued that the reason the circuit court had denied its motion to transfer venue was that it had found that a residence of a single employee of the defendant in the forum county constituted an "other office" of the defendant. *Corral*, 217 Ill. 2d at 155. Because there was nothing in the record from which the supreme court could review this factual dispute regarding whether the employee's residence would constitute an "other office," the supreme court affirmed the circuit court's decision. *Corral*, 217 Ill. 2d at 157.

Here, unlike *Corral*, there is no dispute regarding the facts relied upon by the court in making its determination. There is no dispute that the defendant is not a resident of St. Clair County and has no offices there. It was not contested in the trial court and is not contested on appeal that the plaintiff purchased and ingested Vioxx in St. Clair County. There is no dispute that the registered agent of the defendant is located in Cook County. Because there is no dispute regarding the facts before the trial court at the time it ruled on the defendant's motion to transfer venue, this appeal involves a pure question of law, which we review *de novo*.

Before examining the transactional prong of the venue statute, we note that the residence prong of the venue statute is not met in this case. The defendant did not design, manufacture, or produce its products in St. Clair County. See *Boxdorfer v. DaimlerChrysler Corp.*, 339 Ill. App. 3d 335, 342 (2003) (citing *Gardner v. International Harvester Co.*, 113

4

Ill. 2d 535 (1986)).  In addition, the defendant maintains no offices in St. Clair County.  See *Boxdorfer*, 339 Ill. App. 3d at 342.  As in *Boxdorfer*, the facts do not support any claim that the defendant was "doing business" in St. Clair County for purposes of the residency prong of the venue statute.  *Boxdorfer*, 339 Ill. App. 3d at 342.

Consequently, the plaintiff did not argue in the trial court, and does not argue on appeal, that the defendant is a resident of St. Clair County as that term is defined for purposes of the venue statute.  Therefore, the sole issue is whether the plaintiff's purchase and ingestion of Vioxx in St. Clair County, along with the defendant's advertisement and/or promotion of Vioxx in St. Clair County, are sufficient to establish venue in St. Clair County under the transactional prong of the venue statute (735 ILCS 5/2-101(2) (West 2004)).

We find *Boxdorfer v. DaimlerChrysler Corp.*, 339 Ill. App. 3d 335 (2003), to be wholly apposite.  In *Boxdorfer*, the plaintiffs instituted a class action complaint in the circuit court of Madison County against DaimlerChrysler Corp., alleging common law and consumer fraud.  *Boxdorfer*, 339 Ill. App. 3d at 337.  The complaint alleged that the paint on vehicles made by the defendant was defective in that it would delaminate and the defendant had failed to disclose this to the consuming public.  The complaint further alleged that the defendant had failed to disclose that the defect would not exhibit itself until after the warranty expired and that the defendant had failed to disclose that if the defect did not exhibit itself until after the warranty expired, the defendant would not repair it.  *Boxdorfer*, 339 Ill. App. 3d at 337.  The defendant was incorporated under the laws of Delaware, with its principal place of business in Michigan and its registered agent in Sangamon County.  *Boxdorfer*, 339 Ill. App. 3d at 337.  The defendant filed a motion to transfer for improper venue.  *Boxdorfer*, 339 Ill. App. 3d at 337.  The defendant attached an affidavit to its motion establishing that the defendant did not sell automobiles directly to the citizens of Madison County, that the defendant had no offices, manufacturing facilities, or operations in Madison

5

County, that promotional materials had been developed from its office in Michigan, and that the defendant conducted no business in Madison County. *Boxdorfer*, 339 Ill. App. 3d at 338.

The circuit court denied the defendant's motion to transfer, noting that the plaintiffs had purchased and garaged their vehicles in Madison County and that the plaintiffs had suffered damage in Madison County. *Boxdorfer*, 339 Ill. App. 3d at 338. The circuit court held that these facts were sufficient to meet the requirements of venue because they constituted some part of the transaction out of which the cause of action arose. *Boxdorfer*, 339 Ill. App. 3d at 338.

We reversed the order of the circuit court, holding that all the alleged acts of a failure to disclose defects on the part of the defendant did not take place in Madison County but, rather, took place in Michigan, where the cars had been designed, manufactured, and sold by the defendant. *Boxdorfer*, 339 Ill. App. 3d at 345. We further held that the plaintiffs' unilateral acts of purchasing vehicles and suffering damages in Madison County did not constitute some part of the transaction out of which the cause of action arose. *Boxdorfer*, 339 Ill. App. 3d at 345. Because venue was not proper in Madison County under either prong of the venue statute, we ordered the cause transferred to Sangamon County, where the defendant had its registered agent. *Boxdorfer*, 339 Ill. App. 3d at 345.

As explained in *Boxdorfer*, when a court examines the transactional prong of the venue statute, two dependent variables must be analyzed in order to determine whether a particular venue is proper. *Boxdorfer*, 339 Ill. App. 3d at 344. These variables are (1) the nature of the cause of action and (2) the place where the cause of action springs into existence. *Boxdorfer*, 339 Ill. App. 3d at 344. In *Boxdorfer*, as in this case, the cause of action is based on consumer fraud, in that the complaint alleges that the defendant failed to disclose a defect in its products to its purchasers. *Boxdorfer*, 339 Ill. App. 3d at 345. The *Boxdorfer* court found that, where, as here, there are no direct dealings between the parties in

6

the county where the suit is filed, a cause of action for consumer fraud springs into existence where the alleged acts concerning the fraud took place. *Boxdorfer*, 339 Ill. App. 3d at 345. This is the place where the product is manufactured and/or the place where the decisions regarding any advertising, promotion, and/or nondisclosure take place. *Boxdorfer*, 339 Ill. App. 3d at 345. As explained in *Boxdorfer*, the plaintiffs' purchase of the product in the county where the suit is filed does not constitute some part of the transaction. *Boxdorfer*, 339 Ill. App. 3d at 345.

We see no reason to depart from our decision in *Boxdorfer*. Because the residence and transaction prongs of the venue statute are not met in this case, the circuit court erred in denying the defendant's motion to transfer for improper venue. Accordingly, we reverse the order of the circuit court. Because there is no dispute that the residence prong of the venue statute is satisfied in Cook County, where the defendant has a registered agent, we will exercise the powers granted us under Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)) to enter an order transferring this cause to Cook County for further proceedings pursuant to section 2-106 of the Code (735 ILCS 5/2-106 (West 2004)).

Reversed; order entered.

HOPKINS, J., concurs.

JUSTICE CHAPMAN, dissenting:

I disagree with the decision of my colleagues. I believe that the purchase and ingestion of Vioxx in St. Clair County is sufficient to establish venue under the transactional prong of the venue statute. The majority relies on *Boxdorfer v. DaimlerChrysler Corp.*, 339 Ill. App. 3d 335, 790 N.E.2d 391 (2003), in holding that the transactional prong is not met. I

7

disagree with the holding reached in *Boxdorfer*. The actual controversy making this case justiciable did not occur until after the sale of the Vioxx in St. Clair County, thereby allegedly causing damage to the plaintiff. See *Fetzer v. Wood*, 211 Ill. App. 3d 70, 77, 569 N.E.2d 1237, 1242 (1991).

I, therefore, respectfully dissent.

NO. 5-05-0326

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | |
|---|---|
| DORIS RENSING, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellee, | ) St. Clair County. |
| | ) |
| v. | ) No. 04-L-558 |
| | ) |
| MERCK AND COMPANY, INC., | ) |
| | ) |
| Defendant-Appellant, | ) |
| | ) |
| and | ) |
| | ) |
| LESLIE WALDRON, | ) Honorable |
| | ) Michael J. O'Malley, |
| Defendant. | ) Judge, presiding. |

**Rule 23 Order Filed:** June 8, 2006
**Motion to Publish Granted:** July 14, 2006
**Opinion Filed**: July 14, 2006

**Justices**: Honorable Stephen L. Spomer, P.J.

Honorable Terrence J. Hopkins, J.,
Concurring
Honorable Melissa A. Chapman, J.,
Dissenting

**Attorneys for Appellant** — Alan J. Dixon, Dan H. Ball, Stephen G. Strauss, Thomas J. Palazzolo, 211 North Broadway, Suite 3600, St. Louis, MO 63102-2750

**Attorneys for Appellee** — John J. Driscoll, 720 Olive Street, Suite 1800, St. Louis, MO 63101; Jeffrey Schultz, 1400 W. Main Street, Suite 17, Carbondale, IL 62901