NOTICE

Decision filed 12/05/17. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2017 IL App (5th) 170059

NO. 5-17-0059

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| GLEESON ASPHALT, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 16-L-231 |
| | ) | |
| THE CITY OF COLLINSVILLE, ILLINOIS, | ) | Honorable |
| | ) | Christopher T. Kolker, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion.
Justices Chapman and Overstreet concurred in the judgment and opinion.

**OPINION**

¶ 1    This appeal arises from a complaint filed by plaintiff, Gleeson Asphalt, Inc., against defendant, the City of Collinsville, Illinois, in the circuit court of St. Clair County. Defendant subsequently filed a motion for transfer to proper venue, asserting plaintiff's action should be transferred to the circuit court of Madison County because defendant's principal office is located exclusively in Madison County and the transactions giving rise to plaintiff's cause of action occurred in Madison County. The trial court denied defendant's motion, noting plaintiff's pleadings alleged that part of the underlying occurrences giving rise to its cause of action occurred in St. Clair County. Defendant filed a timely notice of appeal. For the following reasons, we affirm.

1

¶ 2                                    BACKGROUND

¶ 3     Plaintiff filed a complaint against defendant on April 25, 2016, in the circuit court of St. Clair County, alleging defendant failed to pay plaintiff for a construction project completed in the city of Collinsville. The complaint indicates plaintiff is an Illinois corporation licensed and doing business in the State of Illinois (State), and defendant is a municipal corporation under the laws of the State whose boundaries encompass properties located in both Madison County and St. Clair County. The pertinent details of plaintiff's complaint are as follows.

¶ 4     The complaint asserted that on or about July 19, 2012, plaintiff was awarded a contract with the State for construction and improvements to South Clinton Street located in Collinsville, part of which street and improvements were located in St. Clair County (Clinton Project). The complaint indicates Oates & Associates, a civil and structural engineering firm licensed in Illinois, was employed by defendant as its project engineer.

¶ 5     After several delays to the project, plaintiff alleged defendant "acknowledged the delay and agreed [plaintiff] would have additional expenses due" via an e-mail dated May 3, 2013, signed by David Ogle. Ogle was an engineer employed by Oates & Associates. Plaintiff alleged Ogle's e-mail stated that defendant agreed to pay the additional expenses incurred by plaintiff due to the project being delayed and further stated it wished to handle plaintiff's claims for payment of additional expenses separate from plaintiff's existing contract with the State. The complaint indicated the work to be performed by plaintiff was still controlled by its contract with the State, which provided plaintiff was:

        "to do all the work, furnish all materials and all labor necessary to complete the work in accordance with the plans and specifications hereinafter described, and in full compliance with all of the terms of this agreement ***."

2

Plaintiff alleged the additional expenses it incurred due to delays in the project totaled $159,525.81. Plaintiff argued that, despite its compliance with the plans for the Clinton Project and the Illinois Department of Transportation's standard specifications for such construction, defendant failed to make any payments.

¶ 6 Defendant filed a motion to transfer venue to Madison County on June 7, 2016, alleging there was no transaction or some part thereof that occurred in St. Clair County that would provide the circuit court of St. Clair County with jurisdiction over plaintiff's cause of action. Defendant asserted plaintiff's complaint arises out of construction and improvements to South Clinton Street in Collinsville, Illinois, all of which is located in Madison County. Defendant's motion acknowledged defendant is an Illinois municipal corporation with corporate limits located in both Madison County and St. Clair County but noted its principal office is located exclusively in Madison County. Defendant further claimed there was no contract between plaintiff and defendant that would give rise to the allegations in plaintiff's complaint, and even if there was, any major public improvements contracted by defendant would have to be approved by defendant's city council at city hall, which is exclusively located in Madison County. Defendant also noted plaintiff's complaint alleged Oates & Associates was an agent of defendant and stated Oates & Associates is located entirely in Madison County.

¶ 7 Plaintiff filed a response to defendant's motion to transfer on August 23, 2016, asserting defendant's motion should be denied because at least some of defendant's wrongful conduct regarding the contract occurred in St. Clair County and all of defendant's tortious conduct occurred in St. Clair County. In support of its position, plaintiff noted the website of Oates & Associates, which again plaintiff claimed was an agent of defendant, disclosed it has an office in St. Clair County, and Oates & Associates sent e-mails directed to the offices of plaintiff in

3

St. Clair County. Regarding defendant's claim that there was no valid contract between the parties, plaintiff argued defendant's communication through Ogle of Oates & Associates in the May 3, 2013, e-mail evidences the agreement between the parties to handle this portion of plaintiff's expenses separate from plaintiff's contract with the State. Plaintiff asserted defendant was at least a third-party beneficiary of that contract. Plaintiff further noted that defendant's street department is located in St. Clair County, and the director of defendant's street department, Rod Cheatham, sent a letter to plaintiff's office in St. Clair County regarding the Clinton Project. Plaintiff asserted the representations made by defendant's agents were directed to plaintiff at its offices located in St. Clair County and presumably originated, at least regarding the director of defendant's street department, in St. Clair County. Moreover, plaintiff argued defendant's alleged conduct of "attempts at financial ruin" was directed at plaintiff's business operation in St. Clair County.

¶ 8    Plaintiff filed a two-count amended complaint against defendant on December 28, 2016, alleging breach of contract and tortious interference with contracts in relation to the Clinton Project and a similar project involving Camelot Drive, which is also located in Collinsville (Camelot Project). Plaintiff later filed a second amended complaint against defendant (plaintiff incorrectly titled this pleading "first amended complaint"), again alleging breach of contract and tortious interference with contracts in relation to the Clinton Project and Camelot Project, and adding a single count of tortious interference with prospective economic advantage.

¶ 9    A hearing on defendant's motion to transfer venue to Madison County was held on February 1, 2017, which the court denied. The court noted that part of the allegations and the evidence appear to have occurred in St. Clair County and arise out of St. Clair County and the effects are being felt out of St. Clair County. The court further noted the offices of defendant's

4

street department are located in St. Clair County. In its written order entered on February 1, 2017, the court stated: "Defendant's motion is denied as it is prayed by [plaintiff's] pleadings that part of the underlying occurrences took place in St. Clair County ***."

¶ 10    Defendant filed a timely notice of appeal on February 21, 2017, seeking reversal of the trial court's order denying defendant's motion to transfer venue.

¶ 11                                    ANALYSIS

¶ 12    The single issue we are asked to address on appeal is whether the trial court erred in denying defendant's motion to transfer plaintiff's cause of action from St. Clair County to Madison County pursuant to section 2-103(a) of the Code of Civil Procedure (Code). 735 ILCS 5/2-103(a) (West 2014).

¶ 13    The determination of proper statutory venue presents separate questions of fact and law because it requires a trial court to rule on the legal effect of its factual findings. *Terada v. Eli Lilly & Co.*, 2015 IL App (5th) 140170, ¶ 20. As a reviewing court, we will not disturb a trial court's findings of fact unless those findings are contrary to the manifest weight of the evidence. *Terada*, 2015 IL App (5th) 140170, ¶ 20. A decision is against the manifest weight of the evidence only where an opposite conclusion is apparent or where the findings appear to be unreasonable, arbitrary, or not based on the evidence presented. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 155 (2005).

¶ 14    A reviewing court must not substitute its own judgment for that of the trier of fact. *Corral*, 217 Ill. 2d at 155. After reviewing the trial court's factual findings, we apply *de novo* review to the legal effect of the trial court's conclusions. *Terada*, 2015 IL App (5th) 140170, ¶ 20. The defendant bears the burden to prove the plaintiff's selection of venue was improper. *Terada*, 2015 IL App (5th) 140170, ¶ 21. In doing so, the defendant must provide specific facts,

5

not conclusions, and show a clear right to the relief requested. *Terada*, 2015 IL App (5th) 140170, ¶ 21. Any doubts that arise from the inadequacy of the record are resolved against the defendant. *Corral*, 217 Ill. 2d at 155.

¶ 15    Section 2-103(a) of the Code is applicable to the instant case because defendant is a municipal corporation. 735 ILCS 5/2-103(a) (West 2014). In relevant part, section 2-103(a) provides:

> "Actions must be brought against a public, municipal, governmental or quasi-municipal corporation in the county in which its principal office is located *or* in the county in which the *transaction or some part thereof* occurred out of which the cause of action arose." (Emphases added.) 735 ILCS 5/2-103(a) (West 2014).

¶ 16    Here, it is undisputed that defendant's principal office is located in Madison County. Thus, the question we must address concerns the transactional prong of the venue statute, namely whether the transaction or some part thereof out of which the instant cause of action arose occurred in St. Clair County.

¶ 17    When examining the transactional prong of the venue statute, a court must analyze two dependent variables in order to determine whether a particular venue is proper. *Rensing v. Merck & Co.*, 367 Ill. App. 3d 1046, 1050 (2006). These variables are (1) the nature of the cause of action, and (2) the place where the cause of action springs into existence. *Rensing*, 367 Ill. App. 3d at 1050. When evaluating a case under these factors, we must consider that "transaction" has been defined to include every fact that is an integral part of a cause of action. *Board of Education of Nippersink School District 2 v. Koch*, 2012 IL App (2d) 120132, ¶ 13.

¶ 18    The place where a transaction or some part thereof occurs causing an action to spring into existence is the place where any significant negotiations occurred between the parties, where an

6

agreement was signed, the place where it was or was supposed to be performed, or where matters occurred that plaintiff has the burden of proving. *Boxdorfer v. DaimlerChrysler Corp.*, 339 Ill. App. 3d 335, 344 (2003). Generally, the place where a cause of action springs into existence is the place where the parties' direct dealings transpired while in an adversarial position or where events occurred that altered the parties' legal relationships. *Boxdorfer*, 339 Ill. App. 3d at 344.

¶ 19    After careful consideration, we find venue in this case is appropriate in St. Clair County. Lending support to our conclusion is the well-settled principle that we must take all well-pleaded facts of a plaintiff's complaint as true at the pleading stage. *Kaiser v. Doll-Pollard*, 398 Ill. App. 3d 652, 656 (2010).

¶ 20    Here, plaintiff has alleged the underlying occurrences giving rise to its cause of action against defendant at least partially occurred in St. Clair County. The record shows plaintiff alleged it notified defendant, via an e-mail from plaintiff's office in St. Clair County, about the additional expenses it would incur due to delays in the project. Thereafter, plaintiff alleged defendant's project engineer responded to plaintiff's e-mail and acknowledged defendant would handle these additional expenses separate from the existing contract between plaintiff and the State. Relying on defendant's correspondence, plaintiff alleged it then mobilized its labor and material at its office in St. Clair County in order to commence work on the project. Plaintiff further asserted the offices of defendant's street department, with whom plaintiff had communicated with regarding the Clinton Project, were located entirely in St. Clair County.

¶ 21    In sum, plaintiff alleges the underlying occurrences giving rise to its breach of contract and tortious interference claims at least partially occurred in St. Clair County. Because this case is before this court on the pleadings, the allegations of plaintiff's complaint must be taken as true for purposes of a motion to transfer venue. *Wieseman v. Kienstra, Inc.*, 237 Ill. App. 3d 721, 726

7

(1992). Here, plaintiff's allegations satisfy the transactional prong of the municipal corporation venue statute ("Actions must be brought *** in the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2-103(a) (West 2014)).

¶ 22    We further find *Superior Structures Co. v. City of Sesser*, 277 Ill. App. 3d 653 (1996), to be apposite to the instant case. In *Superior Structures Co.*, the plaintiff was an asphalt contractor who was hired to resurface streets pursuant to Illinois Department of Transportation specifications in the City of Sesser (Sesser). The plaintiff was located in Williamson County, while Sesser is located in Franklin County. Because there was asphalt left over after the project was completed, Sesser asked the plaintiff to apply the remaining asphalt to additional city streets in Sesser. These additional streets were not listed in the original contract.

¶ 23    The plaintiff completed the additional streets and left the project. After compaction studies ordered by Sesser's mayor revealed that certain locations did not meet contract specifications, Sesser refused to pay the plaintiff the balance owed on the contract. The plaintiff then filed a breach of contract claim in Williamson County. The trial court found in favor of the plaintiff on the breach of contract claim. Sesser appealed.

¶ 24    On appeal, one of the arguments raised by Sesser alleged the trial court erred in denying its motion to transfer the case from Williamson County to Franklin County. Sesser argued the execution of the project contract in Williamson County was insufficient to establish venue. This court rejected Sesser's argument, finding venue in Williamson County was appropriate. In reaching its decision, this court noted that "[i]n determining venue, the site where part of the transaction occurred includes the place where any significant negotiations were carried on between the parties and where the agreement was signed." *Superior Structures Co.*, 277 Ill. App. 3d at 657. Because the execution of the contract at issue was part of the transaction out of which

8

the cause of action arose, and because the contract was partly signed in Williamson County, this court concluded venue in Williamson County was appropriate. *Superior Structures Co.*, 277 Ill. App. 3d at 657.

¶ 25    Similar to this court's conclusion in *Superior Structures Co.*, we find venue in this case is appropriate in St. Clair County. Not only do the city limits of defendant encompass both St. Clair County and Madison County, but defendant's street department, with whom plaintiff communicated via e-mail about the Clinton Project, is located in St. Clair County. Thus, significant correspondences between the parties took place in St. Clair County. More importantly, as previously discussed, plaintiff alleges the underlying occurrences giving rise to its claims occurred in St. Clair County, which we must take as true at the pleading stage. For these reasons, the trial court did not err in denying defendant's motion to transfer venue.

¶ 26    Defendant argues there is no testimony or evidence that any of the allegations in plaintiff's complaint occurred in St. Clair County, thereby implying the events occurred only in Madison County. Defendant contends a reading through each of the paragraphs of plaintiff's complaint indicates there are no allegations of any transaction or occurrence taking place in St. Clair County. Defendant further argues there is no legal contract by law between the parties to begin with and cites a string of cases in support of its position that venue in St. Clair County is improper. These cases support defendant's assertions that mailings and deliveries do not alone meet the transaction prong of the venue statute, preliminary acts alone are insufficient to invoke transactional venue, and the county where damages are suffered is insufficient to establish venue.

¶ 27    Contrary to defendant's assertions, plaintiff does allege the occurrences giving rise to its claims took place in St. Clair County. We need not repeat the facts of plaintiff's contract and tortious interference allegations discussed above that plaintiff claims occurred in St. Clair

9

County. We further note that the face of plaintiff's complaint asserts the Clinton Project included a "street and improvements" in St. Clair County. Plaintiff's complaint stems from delays to this project. Moreover, defendant's arguments ignore the well-settled principle that we must take all well-pleaded facts of a plaintiff's complaint as true at the pleading stage. *Kaiser*, 398 Ill. App. 3d at 656. Because this case is before us on the pleadings, we must take plaintiff's allegations that the occurrences giving rise to its claims occurred in St. Clair County as true. Accordingly, we reject defendant's argument.

¶ 28                                    CONCLUSION

¶ 29     Plaintiff alleges the underlying occurrences of its claims took place in St. Clair County. Because we must accept well-pleaded facts of a complaint as true at the pleading stage, the trial court did not err in denying defendant's motion to transfer venue. Accordingly, the judgment of the circuit court of St. Clair County is affirmed.

¶ 30     Affirmed.

2017 IL App (5th) 170059

NO. 5-17-0059

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| GLEESON ASPHALT, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 16-L-231 |
| | ) | |
| THE CITY OF COLLINSVILLE, ILLINOIS, | ) | Honorable |
| | ) | Christopher T. Kolker, |
| Defendant-Appellant. | ) | Judge, presiding. |

---

**Opinion Filed:** December 5, 2017

---

**Justices:** Honorable Richard P. Goldenhersh, J.

Honorable Melissa A. Chapman, J., and
Honorable David K. Overstreet, J.,
Concur

---

**Attorney for Appellant**
Steven Giacoletto, Giacoletto Law Firm, 30 Summer Tree Lane, Collinsville, IL 62234

---

**Attorney for Appellee**
Stephen M. Kernan, Cook, Ysursa, Bartholomew, Brauer & Shevlin, Ltd., 12 West Lincoln Street, Belleville, Illinois 62220